## ACE GRAIN CO., Inc. v. AMERICAN EAGLE FIRE INS. CO. OF NEW YORK et al.

United States District Court,
S. D. New York.

April 5, 1951.

See also D.C., 95 F.Supp. 784.

Otto & Easterday, New York City, for plaintiff.

Rein, Mound & Cotton, New York City, Bert Cotton, New York City, for defendants.

McGOHEY, District Judge.

By order dated February 26, 1951, I provided that defendant Rhode Island is required to post a bond or other security as a condition precedent to filing an answer in this suit. An appeal from that order has been dismissed on the ground that the order, being interlocutory, is not

appealable. Rhode Island then moved before me for a certificate pursuant to Fed. Rules Civ.Proc. rule 54(b), 28 U.S.C.A. that the order in so far as it requires a bond is final and that there is no just reason for delay in having it reviewed by the Court of Appeals.

Prof. Moore is of the view that the purpose of the rule is to empower the District Judge, presumably familiar with the litigation, to determine "when one branch of it * * * is * * * ripe for appellate review." * That appears to be so.

While I do not agree with Rhode Island's contention that I lacked authority to require the bond, I do agree that the order is as final on that point now as it ever will be. Accordingly, I think that Rhode Island should have an opportunity now to seek review of that portion of my order of February 26, 1951, which requires Rhode Island to post a bond or other security as a condition to filing an answer in this suit.

Submit appropriate certificate.

* Moore's Commentary on the Judicial Code 517.