**ACE GRAIN CO., Inc. v. AMERICAN EAGLE FIRE INS. CO. OF NEW YORK et al.**

United States District Court
S. D. New York.
June 7, 1951.

Otto & Easterday, New York City, Samuel C. Otto, New York City, of counsel, for plaintiff.

. Rein, Mound & Cotton, New York City, Bert Cotton, Paul D. Compton, New York City, of counsel, for defendant Rhode Island Ins. Co.

WEINFELD, District Judge.

This is an action on an insurance policy covering cargo damage. Plaintiff moves as to the defendant Rhode Island Insurance Company for an order directing the Clerk of this Court to enter the default of the defendant and for judgment in the amount of $36,277.28.

The action was instituted in the Supreme Court of the State of New York on June 27th, 1950, by service upon the Deputy Superintendant of Insurance of the State of New York as attorney for unauthorized insurers as provided in Section 59–a of the Insurance Law of that State. McK. Consol.Laws, c. 28. The action was removed to this Court by the defendant on July 11th, 1950.

A motion by the defendant to quash service was denied. D.C. 95 F.Supp. 784. The order entered thereon, dated February 26th, 1951, also provided as a condition to the filing of any answer or pleading by the defendant that it file with the Clerk of this Court security "sufficient to secure payment of any final judgment which may be rendered in the within action, or procure a license to do an insurance business in the State of New York." New York Insurance Law, Section 59–a.

Defendant thereafter moved for reargument, seeking relief principally from the foregoing condition. It urged that it was

in receivership in the Superior Court of the State of Rhode Island in delinquency proceedings under the Uniform Insurers Liquidation Act and since that Act was adopted by New York, the requirement of security was violative of the reciprocity conditions thereof, Section 523 of the New York Insurance Law, which provides: "During the pendency of delinquency proceedings in this or any reciprocal state no action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets. * * *"

The defendant's application for reargument was denied and the original order was adhered to.

Thereafter, on March 24th, 1951, on application of the receiver of the defendant Rhode Island Insurance Company, a decree was entered by the Rhode Island Court directing him to refrain from filing the required security on the ground that this "would imperil the cash position of the receivership * * * and might result in a preference" as to plaintiff's claim, and further directing the said receiver to take necessary steps to prevent the plaintiff herein from causing "to be deposited in court any assets * * * by any action or proceeding in the nature of an attachment. * * *"

The defendant's appeal from the District Court order requiring security before answer was dismissed on April 2nd, 1951, with leave to renew upon obtaining a certificate of finality under Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which certificate was thereafter granted. D.C., 11 F.R.D. 164.

The defendant then moved to vacate the order of dismissal of the appeal which was denied by the Court of Appeals but a stay of twenty days was granted on April 12th, 1951, to enable it to apply to the Superior Court of the State of Rhode Island for permission to post the security. That Court on application for instructions specifically adhered to its prior decree and reaffirmed its direction to the receiver "to refrain from filing security in the action" and further instructed him "to appeal from any judgment

which may be rendered therein, and to take such other proceedings as may be available to invoke the protection of Section 523 of the Insurance Law of the State of New York." The twenty day stay expired on May 2nd, 1951, and to date no security has been posted, obviously in obedience to the instruction of the Rhode Island Court.

There can be no doubt of the default of the defendant in answering. The fact that its receiver was instructed by the Superior Court of the State of Rhode Island not to post security, a condition of its right to answer, does not excuse the default or non-compliance with the order of this Court. The remedy of defendant if it feels aggrieved by the order which required security is by a proper appeal. The plaintiff is entitled to judgment by reason of defendant's default.

The question that remains is whether judgment may be entered by the Clerk. The complaint demands judgment of $34,508.84, of which $27,607.07 represents the loss as found by a surveyor appointed by the defendant. The remaining $6,901.77 is for counsel fees under a twenty-five per cent retainer which plaintiff has agreed to pay its attorneys. Plaintiff contends that the loss as certified by the surveyor employed by the defendant is a "sum certain" and that the interest thereon is a matter of computation and, accordingly, the Clerk may enter judgment by default under Rule 55(b)(1). While the report of Albert R. Lee & Co., Inc., marine surveyors and insurance adjusters, states that the damage was caused by risk within the coverage of the policy and determined the amount of loss (the figure sued for by the plaintiff herein) it does not appear that this was within the scope of its authority. The surveyor's findings represent an opinion as to value and other factors which the defendant is not required to accept or is it concluded thereby even though it retained the surveyor. In fact, the report specifically states "All our actions in this matter were without prejudice and for the account of whom it may concern." The claim, cargo damage under an insurance policy, is unliquidated and is not converted into one for a liquidated amount or a "sum certain"

by a surveyor's report intended for adjustment or trial purposes. The defendant has the right to a judicial determination of the extent of the damages claimed by plaintiff and the appropriate method for determining this issue is either by the Court or upon a reference in accordance with Rule 55(b)(2).

█ So, too, with respect to plaintiff's request for entry of a default judgment for attorneys' fees. Any allowance is dependent upon the provisions of Section 59–a of the New York State Insurance Law and is limited to a maximum of twelve and one-half per cent of plaintiff's recovery which may be granted if it appears that failure to make payment by an insurer was vexatious and without reasonable cause. Thus, there must be a determination (1) with respect to the amount of the allowance of counsel fees and (2) as to whether or not the refusal was vexatious and without reasonable cause. These require judicial determination by the Court and may not be passed upon by the Clerk.

The motion to enter judgment by default is granted, the amount of damages to be determined by the Court in accordance with Rule 55(b)(2). If the plaintiff desires, the order to be entered may contain a provision referring the matter to a Special Master to enable the Court to enter the judgment, also as provided by the Rule.

Settle order on notice.