Aleen CHABOT, Plaintiff-Appellant,

v.

**NATIONAL SECURITIES AND RE-SEARCH CORPORATION and Empire Trust Company, Defendants-Appellees.**

Seymour SCHWARTZ, Plaintiff-Appellant,

v.

**NATIONAL SECURITIES AND RE-SEARCH CORPORATION and Empire Trust Company, Defendants-Appellees.**

Nos. 26844, 26845.

United States Court of Appeals
Second Circuit.

Argued March 20, 1961.

Decided April 26, 1961.

Pomerantz, Levy & Haudek, New York City (William E. Haudek, Abraham L. Pomerantz and Rosenfeld & Silverman, New York City, of counsel), for plaintiffs-appellants.

Donovan, Leisure, Newton & Irvine, New York City (Roy W. McDonald, Robert V. Dunn, New York City, of counsel), for appellee Empire Trust Company.

Before MOORE, FRIENDLY and SMITH, Circuit Judges.

FRIENDLY, Circuit Judge.

Plaintiffs in these similar actions are investors in two series of mutual funds provided for in a trust agreement between National Securities and Research Corporation and Empire Trust Company, as Trustee. The gravamen of the complaints is that the fees payable and paid to Empire Trust Company as trustee and to National Securities and Research Corporation as investment advisor and principal underwriter and distributor have been excessive in the light of the services rendered by them and the fees paid by other mutual funds. This is claimed to violate various sections of the Investment Company Act of 1940, 15 U.S.C. §§ 80a–1 through –52, notably §§ 15, 36 and 46, as well as New York law. Relying on a provision in the Trust Agreement which we quote in the margin,[1] Empire Trust

1. "§ 8.10. No shareholder and no legal representative of any deceased or incompetent shareholder shall have the right to take any action or proceeding for the partition or winding up of the trust. No such shareholder or representative shall have the right to an accounting, except upon furnishing indemnity satisfactory to

Company demanded "a bond with solvent registered corporate surety in the amount of $35,000," conditioned on the payment of all costs and expenses including counsel fees unless it were established that the trustee was guilty of the malfeasance described in the quoted section. Plaintiffs not having complied with the demand, Empire moved for a stay until the requested indemnity was furnished. Holding the indemnity provision of the trust agreement to be applicable and valid, the District Judge granted the relief sought by Empire and further ordered that the action be stayed against National Securities and Research Corporation until the security was furnished or plaintiffs amended the complaints so as to drop Empire.

■ The plaintiffs having appealed from these orders, Empire moves to dismiss, claiming the orders were not appealable under 28 U.S.C. §§ 1291 or 1292. Plaintiffs answer with the seemingly apposite citation of Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 545–547, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528, in which the denial of a defendant corporation's motion for security, under a state statute requiring this to be furnished in certain stockholders' suits, was held appealable under § 1291 as falling "in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

We are not persuaded by defendant's contentions that the instant case is not covered by that principle. Attempt at distinction based on the circumstance that in Cohen the order of the District Court had denied security whereas here the order required it, flies in the face of reason and also of Fielding v. Allen, 2

Cir., 1950, 181 F.2d 163, certiorari denied sub nom. Ogden Corp. v. Fielding, 1950, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600. The attempted distinction based on the circumstance that the dispute in Cohen was between the plaintiff and the corporation, against which no claim was asserted, whereas here the security is demanded by a party sought to be charged, must fail in view of Swift & Co. Packers v. Compania Colombiana Del Caribe, 1950, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206, where the appeal was from an order vacating an attachment that would have allowed the very claim in suit to be enforced against a transferee. It is true that, in contrast to the three cases just cited, here the appeal will require consideration of the construction and validity of a provision in an instrument other aspects of which are involved on the merits. However, since the clause as to security is not a provision the alleged breach of which constitutes plaintiffs' claim, the case is still like Cohen in that the orders made "a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." 337 U.S. at page 547, 69 S.Ct. at page 1226. Likewise we see no merit in the point that the orders here were merely for a stay pending the furnishing of security and not, as in Fielding v. Allen, for a dismissal if the security were not furnished. The orders finally disposed of the claimed right to security; it is as immaterial that plaintiffs may proceed with the action by complying with the orders for security they seek to have reviewed as the Supreme Court has held with respect to a denial of leave to proceed in forma pauperis, Roberts v. United States District Court, 1950, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326. Finally, the stay here is altogether unlike one that would merely postpone proceedings pending reference of some issue to another

the Trustee against the costs and expenses thereof, including counsel fees, such indemnity to be payable unless it shall be established that the Trustee has been guilty of fraud, or of misfeasance,

or of gross negligence with respect to the performance of duties specifically imposed upon it hereunder, substantially prejudicial to shareholders."

tribunal, Schoenamsgruber v. Hamburg American Line, 1935, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989; Baltimore Contractors, Inc. v. Bodinger, 1955, 348 U. S. 176, 75 S.Ct. 249, 99 L.Ed. 233; Day v. Pennsylvania R. Co., 3 Cir., 1957, 243 F.2d 485; New York, N. H. & H. R. Co. v. Lehigh and New England R. Co., 2 Cir., 1961, 287 F.2d 678; here the orders, if unreviewed, will put an end to the action unless plaintiffs abandon their "claimed right" not to have to furnish security.

██ We should thus have regarded the matter as beyond discussion were it not for two unreported memorandum decisions of this Court ten years ago in Ace Grain Company, Inc. v. American Eagle Fire Insurance Company of New York and Rhode Island Insurance Company, cited by appellee, some reference to which can be found in Judge Weinfeld's later decision in that case, D.C.S.D.N.Y.1951, 11 F.R.D. 364. There one of two defendants had appealed from an order requiring it to post security for costs pursuant to N. Y. Insurance Law, McKinney's Consol.Laws, c. 28, § 59–a as a condition to being permitted to answer. Appellee moved to dismiss. On April 2, 1951, a panel of this Court entered an order reading:

> "Motion to dismiss appeal granted. If Hon. John F. X. McGohey, U.S. D.J. grants a certificate under Rule 54(b) of the Federal Rules of Civil Procedure [28 U.S.C.A.], a motion to vacate the dismissal of said appeal will be entertained on April 9, 1951 together with a renewal of the instant motion."

The decision has been criticized by Professor Moore, 6 Federal Practice (2d ed. 1953), pp. 141, 235–237, we think correctly, on the ground that F.R.Civ. Proc. 54(b) does not apply to appeals coming within the Cohen doctrine; however, there may be no such problem here since the orders stayed the prosecution of the actions as to both defendants, and the Court's expressed willingness to entertain a motion to vacate the dismissal of the appeal if a certificate under Rule

54(b) were obtained would seem to have indicated sympathy for a contention that the Cohen doctrine would have applied once the supposed 54(b) obstacle was overcome. That, however, was not to be. Judge McGohey promptly gave the 54(b) certificate and appellant moved to vacate the dismissal, but a different panel, in an unreported memorandum, refused to do this, without saying why. The file indicates that the question of the applicability of the Cohen doctrine was inadequately presented; it contains a memorandum by appellee seeking to distinguish the Cohen and Swift cases, quite unsuccessfully in our view, with no written response from appellant. Whether or not it be generally true, as believed by Judge Clark, "that in a proper case a panel of this court may frankly state its disagreement with a decision of another panel and refuse to be bound thereby," Dunbar v. Henry DuBois' Sons Co., 2 Cir., 1960, 275 F.2d 304, 306, certiorari denied, 1960, 364 U.S. 815, 81 S.Ct. 45, 5 L.Ed.2d 46, it would be altogether absurd to insist that a panel must either follow such a memorandum disposition of a procedural matter which it considers plainly wrong, or convene an *in banc*. With all respect, we therefore shall not regard these memorandum decisions in Ace Grain Co. as binding authority. See Goldlawr, Inc. v. Heiman, 2 Cir., 1960, 273 F.2d 729.

Appellants have cross-moved to consolidate the appeals, and for an extension of 40 days from the date of our order to file and serve their brief; these motions are granted.

██ Our study has raised some doubt in our minds whether the amended complaints, despite their frequent references to the Investment Company Act, in fact assert a claim within the jurisdiction of a Federal court. It would be our duty to consider this before we finally pass on the instant appeals even though the point has not been raised by the parties, Mitchell v. Maurer, 1934, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338; and we have considered requesting briefs on the issue of the jurisdiction of the

District Court even before ruling on the instant motions. However, what appears to be broadly the same issue may come before us in Brown v. Bullock, where a petition for leave to appeal under 28 U.S.C. § 1292(b) from a decision of Judge Herlands, D.C., 194 F.Supp. 207, denying a motion to dismiss for want of Federal jurisdiction has been conditionally granted, and in which the question has been extensively briefed by the parties and exhaustively considered by the District Court. We therefore deem it wise for the moment simply to note the point, to deny appellee's motions to dismiss the appeals for want of appellate jurisdiction, and to grant appellants' motions to consolidate and for an extension of time for the filing of briefs as indicated above.