Jerry M. Hyde v. Commissioner.
Hyde v. Commissioner
Docket No. 6129-69 SC.
United States Tax Court
T.C. Memo 1970-256; 1970 Tax Ct. Memo LEXIS 104; 29 T.C.M. (CCH) 1136; T.C.M. (RIA) 70256; September 2, 1970, Filed Jerry M. Hyde, pro se, 5010 San Jacinto, Apt. J, Dallas, Tex. W. John Howard, Jr., for the respondent. STERRETT
Memorandum Findings of Fact and Opinion STERRETT, Judge: The respondent determined a deficiency in the Federal income taxes of the petitioner for the taxable year 1966 in the amount of $228. The sole issue for determination is whether the petitioner in 1966 furnished more than half of the total support for his two minor sons, Randall and Russell, so as to be allowed a deduction for personal exemptions for his two sons pursuant to section 151 of the Internal Revenue Code of 1954. [1]
*105 Findings of Fact Some of the facts are stipulated. The stipulation and exhibits attached thereto are incorporated herein by this reference. Jerry M. Hyde (hereinafter referred to as petitioner) is an unmarried individual. He resided in Dallas, Texas, at the time his petition was filed herein. Petitioner filed an individual Federal income tax return for the calendar year 1966 with the internal revenue service center, Austin, Texas. The petitioner and his former wife, Yvonne Young Hyde (now Glosson and hereinafter referred to as Yvonne), were married on December 21, 1958. While married petitioner and his former wife had two sons: Randall S. Hyde, born on December 7, 1959, and Russell Y. Hyde, born on February 1, 1961. Petitioner and Yvonne separated in June 1963. On September 21, 1965, the Court of Domestic Relations for Smith CountyTexas, granted a divorce from the petitioner. The Court of Domestic Relations awarded custody and control of the two children to Yvonne and ordered petitioner to pay into court $150 per month for child support. The divorce decree also contained a property settlement. From January to April 1966, Yvonne and the two boys lived with Yvonne's mother, *106 Mrs. C. B. Young, at Tyler, Texas. During this time petitioner visited with his children every weekend for a period starting at 5:00 p.m. Friday and ending 6:00 p.m. Sunday. While visiting with the children the petitioner stayed at the home of his parents in Tyler, Texas, and his children stayed there with him. In the latter part of April 1966, Yvonne and the boys moved to Houston, Texas, and remained there for the balance of the year. 1137 While in Houston, Yvonne and the children lived in a one bedroom apartment. After the move to Houston, petitioner visited with the boys for a 2-week period in the summer, on Thanksgiving and on Christmas. On these occasions petitioner traveled to Houston, picked up the boys and brought them to Tyler, Texas, where they stayed with the petitioner at his parents' home. Petitioner also made an unplanned visit to Houston in June when his oldest son, Randall, underwent an emergency appendectomy. Pursuant to the divorce decree, petitioner paid into the Court of Domestic Relations a total amount of $1,700 as child support for his two boys in the calendar year 1966. Petitioner's expenditures for his children were not confined to the required support *107 payments. He spent at least $100 on extra clothing, $150 on extra medical expenses, $25 on haircuts, $175 on various small items while visiting with the boys, $182.90 on transporting the children between Houston and Tyler, Texas, $150 on Christmas gifts, and $25 on other miscellaneous expenses. Additionally, the petitioner provided health insurance coverage for his children. During 1966, the petitioner expended in the aggregate at least $2,507.90 on the support of his children. During the 1-year period immediately prior to his separation from his wife petitioner expended approximately $2,460 for the total support of his sons. The children's standard of living did not improve and perhaps even declined subsequent to Yvonne's divorce from petitioner. Petitioner's former wife was employed during 1966 and successively held at least three different jobs. She would not inform petitioner as to the amount of her earnings. However, she was not educated or qualified to earn a high salary or wage. While she and the two children resided with Mrs. Young, Yvonne paid rent to her mother. The boys were provided with lodging and food by Mrs. Young during the early part of 1966. Any amounts spent *108 on the children by Mrs. Young were received from Yvonne who had, in turn, received the money from petitioner. Yvonne paid $80 per month rent on the one bedroom apartment in Houston. The apartment was equipped with furniture received by Yvonne in the property settlement made by the divorce decree. Yvonne and the boys shared the apartment with a roommate. Consequently not more than half of the rent can be considered as having been spent on the boys' support. All of the boys' clothing was purchased directly or indirectly by the petitioner. The children rarely wore anything that required cleaning. Yvonne had a washer and a dryer which she acquired in the property settlement. On his Federal income tax return for the taxable year 1966 petitioner claimed a dependency credit for each of his children. Respondent disallowed the claimed credit and in a statutory notice dated September 25, 1969, stated: It is determined that the deduction of $1,200.00 which you claimed on your return as exemptions for your two sons, Randall and Russell, for the taxable year 1966 is not allowed because it has not been established that you furnished more than half of the support of either during the taxable *109 year as required by section 152 of the Internal Revenue Code. Petitioner provided more than one-half of the support for his two minor sons during the taxable year 1966. Opinion The sole question presented here is factual. We are to decide whether petitioner provided more than one-half of the support for each of his two children in 1966. [2] It is axiomatic that petitioner has the burden of showing that the amounts expended on support by him constituted more than onehalf the total support of the children. *110 1138 Petitioner appeared pro se and, testifying in his own behalf, was the only witness at the trial. His testimony was candid and truthful. Respondent has not questioned petitioner's credibility. Petitioner has testified that during 1966 he contributed amounts, which aggregate $807.90, as extra support in addition to the $1,700 paid into the Court of Domestic Relations under the terms of the decree by which he and his former wife, Yvonne, were divorced. Respondent does not question these various items of extra support claimed by petitioner in his testimony or that petitioner spent a total of $2,507.90 on child support. The sole contention of the respondent is that petitioner has not proved that the amounts he expended constituted more than one-half the boys' total support. The exact amount of total support for the children is not required to be shown. Theodore Milgroom, 31 T.C. 1256 (1959); E. R. Cobb, Sr., 28 T.C. 595 (1957). It is merely required of the petitioner that he convince the Court by sufficient and cogent evidence that he supplied more than one-half of the support for the children during the year in issue. Russell W. Boettiger, 31 T.C. 477 (1958). *111 The $2,507.90 expended in 1966 compares favorably with the $2,462 petitioner testified he spent on full support of the boys during the 1-year period immediately preceding his separation from Yvonne. Petitioner visited his children each weekend for the first four months of 1966. Subsequent to the boys' move to Houston, petitioner was with them during Thanksgiving, Christmas, a 2-week summer vacation period, and the time of the older boy's illness from appendicitis in June. These visits gave petitioner sufficient opportunity to observe that the children's standard of living had not improved since petitioner and his former wife had last resided together. See, Edward J. Pillis, 47 T.C. 707 (1967), aff'd per curiam 290 F. 2d 659 (C.A. 4, 1968), certiorari denied 393 U.S. 883 (1969). Petitioner's testimony showed that his former wife was not educated or qualified to earn a large wage or salary. Yvonne and the children resided in the home of Yvonne's mother for the first 4 months of 1966. During that time Yvonne paid rent to her mother. The funds for this rent were derived from the support payments made by petitioner. For the remainder of the year *112 the children resided with Yvonne in a one bedroom apartment in Houston for which a rental of $80 a month was paid. The apartment was equipped with furniture received by Yvonne in the property settlement and was shared with a fourth person. Although Yvonne did the children's washing and drying on equipment derived from the property settlement, petitioner supplied all of the boys' clothing. Respondent cites the cases of James H. Fitzner, 31 T.C. 1252 (1959); Bernard C. Rivers, 33 T.C. 935 (1960); Aaron F. Vance, 36 T.C. 547 (1961); Edward J. Pillis, supra; and Robert I. Brown, 48 T.C. 42 (1967), as demonstrating that the petitioner in this case has not shown that he provided more than one-half the support for his children in 1966. In the present case, unlike the cases cited by respondent, petitioner has shown by sufficient evidence the living conditions of his children, the earning capacity and life style of his former wife, and other circumstances so as to convince this Court that he provided more than onehalf the support of his children during taxable year 1966. E. R. Cobb, Sr., supra. In accordance *113 with the foregoing, Decision will be entered for the petitioner. Footnotes
1. All section references are to the Internal Revenue Code of 1954 unless otherwise stated.↩
2. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - * * * (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. * * * (3) Child Defined. - For purposes of paragraph (1)(B), the term "child" means an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either.↩