EDWARD J. PILLIS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2000–65. Filed March 31, 1967.

Edward J. Pillis, pro se.
*Lester E. Glass, Jr.*, for the respondent.

HOYT, *Judge:* Respondent determined a deficiency in petitioner's income tax for 1963 in the amount of $137.23. After settlement of certain issues, the only question remaining for our decision is whether petitioner provided more than half of the support for his minor daughter in 1963 so as to allow a claimed dependency exemption.

708

## FINDINGS OF FACT

The stipulated facts are found accordingly and adopted as our findings. Edward J. Pillis (hereinafter referred to as petitioner), a resident of Richmond, Va., filed his 1963 income tax return with the district director of internal revenue in Richmond, Va.

Petitioner has a daughter, Mary Elizabeth Pillis, who was born on October 25, 1960. Petitioner and his daughter's mother were separated in 1962. Petitioner's daughter lived with her mother at Virginia Beach, Va., during 1963.

Petitioner made child-support payments under court decrees dated June 10 and November 8, 1963, which totaled $430 in 1963. The parties have stipulated that payments made by petitioner to his wife prior to June 1, 1963, were considered alimony payments under a decree for separate maintenance entered October 12, 1962.

In exercising his rights of visitation, petitioner saw his daughter twice in December of 1963. On both visits his daughter was not properly dressed for an outing in winter weather.

Petitioner claimed his daughter as a dependent in 1963 and took the corresponding $600 exemption. Respondent disallowed this exemption because "it has not been established that you furnished over one-half" of the daughter's support for the taxable year.

## FINDING OF ULTIMATE FACT

Petitioner did not provide over one-half of his daughter's support during 1963.

## OPINION

A $600 exemption is allowed a taxpayer under section 151 [1] for each of his dependents. The term "dependent" is defined in section 152 as meaning certain individuals "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." A daughter of a taxpayer is one of the individuals specified.

The question presented is whether petitioner supplied over half of his daughter's support during 1963. Petitioner has the burden of proof on this question, and the outcome will be based upon a factual determination.

The parties have agreed that petitioner furnished $430 in child-support payments during 1963. However, petitioner has made no showing as to the total amount expended by all persons in support of his daughter. Without such a showing, it becomes virtually impossible to accurately determine whether $430 was more than half of the

---

[1] All section references are to the Internal Revenue Code of 1954.

total amount spent in support of the child. See *Bernard C. Rivers*, 33 T.C. 935 (1960).

Petitioner relies upon *Commissioner* v. *Mendel*, 351 F. 2d 580 (C.A. 4, 1965), reversing 41 T.C. 32 (1963). In that case, however, the taxpayer had made a diligent effort to obtain information as to the total amount expended for the support of his children and had been unsuccessful. Furthermore, the amounts contributed for support in *Mendel* were substantial and supported a conclusion that more than half of the children's usual and normal support was paid by the taxpayer. There was evidence pertaining to the children's style and mode of life. Also there the Commissioner's determination was not that the taxpayer had not furnished more than half of the dependent's support as it is here; instead, the exemption was not allowed in *Mendel* because of lack of substantiation.

In the present case, petitioner argues that his child was not being clothed properly, based upon observations during two visits in December of 1963, and concludes from this that the amount spent on her support by others could not have exceeded his contributions. We cannot agree. Petitioner's premise is based upon insufficient observations of the many factors relating to the child's standard of support. Petitioner did not testify as to why more precise information about the amount expended for his daughter's support was not introduced into evidence. The child's mother was not called as a witness nor was there a suggestion that she was unavailable to give testimony. Thus, although we agree that the amount of total support need not always be proved in a dependency exemption case, we believe that much more than the minimal amount of evidence presented by petitioner in this case is necessary to overcome the presumptive correctness of respondent's determination here that petitioner did not furnish over one-half of his daughter's support in 1963. See *Theodore Milgroom*, 31 T.C. 1256 (1959); and *E. R. Cobb, Sr.*, 28 T.C. 595 (1957).

Petitioner also argues that a dependency exemption should be allowed when the amount paid for support exceeds half of the $600 allowed as an exemption. This is a misconception of the meaning of the statute. There is no relationship between the amount expended for support and the amount allowed for a dependency exemption. The statute requires a person claiming such an exemption to provide more than half of the dependent's support which may vary in amount under the particular facts of each case.

Petitioner has failed to present sufficient evidence to overcome his burden of proof, and we therefore sustain respondent in the disallowance of the exemption claimed by petitioner for his daughter in 1963.

*Decision will be entered for the respondent.*