Charles S. Clary and Dorothy M. Clary v. Commissioner.
Clary v. Commissioner
Docket No. 698-70 SC.
United States Tax Court
T.C. Memo 1970-222; 1970 Tax Ct. Memo LEXIS 136; 29 T.C.M. (CCH) 971; T.C.M. (RIA) 70222; July 30, 1970. Filed *136 Held: Petitioners failed to prove they furnished over half of the support of two chlidren of petitioner-husband by a former marriage during year 1966. Provision in divorce decree that mother should not claim children as exemptions under the internal revenue laws is not binding on respondent and does not prove that father paid over half the support of the children. Petitioners are not entitled to dependency exemptions for the two children for 1966. Charles S. Clary and Dorothy M. Clary, pro se, P.O. Box 122, Los Molines, Calif.Richard D. Worsley, for the respondent. *137 DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined a deficiency in petitioners' income tax for the taxable year 1966 in the amount of $228. The only issue is whether petitioner-husband is entitled to dependency exemptions under section 151, I.R.C. 1954, [1] for two of his children by a prior marriage, Timothy and Roseanne, for the taxable year 1966. Findings of Fact Some of the facts have been stipulated and are so found. Charles S. Clary (hereinafter referred to as petitioner) and Dorothy M. Clary are husband and wife and resided in Los Molines, Calif., at the time their petition herein was filed. They filed their 1966 joint Federal income tax return with the district director of internal revenue at San Francisco, Calif.
Petitioner was formerly married to Dorothy Nadine Clary (hereinafter referred to as Nadine). Four children were born to them, namely, Thomas, born September 23, 1956, Timothy, born April 7, 1955, Roseanne, born September 7, 1951, and Douglas, born January 2, 1950. Thomas *138 passed away on March 11, 1966. All four children were under 19 years of age during 1966. On November 30, 1960, petitioner and Nadine were granted an interlocutory judgment of divorce by the Superior Court for the County of Los Angeles, Calif. The decree awarded custody of the four children to Nadine and ordered petitioner to pay $43.75 per month for 10 months of each calendar year and $37.50 for the remaining 2 months of each calendar year for the support and maintenance of each child, and also ordered petitioner to maintain the existing medical insurance policy or its equivalent for the benefit of Nadine and the four children. The decree also stated that Nadine "shall not claim the minor children * * * as exemptions for income tax purposes so long as * * * [petitioner] is not more than $200.00 in arrears on said child support payments as of the end of the applicable tax year." On December 5, 1960, a final judgment of divorce between petitioner and Nadine was entered. Incorporated into the final judgment were the terms of the interlocutory judgment of divorce entered November 30, 1960, nunc pro tunc as of November 13, 1959. On his income tax return for the calendar year 1966, *139 petitioner claimed dependency exemptions for Douglas, Thomas, Timothy, and Roseanne. Respondent allowed the exemptions for Douglas and Thomas, but disallowed the exemptions for Timothy and Roseanne. Timothy and Roseanne lived with their mother, Nadine, during the entire year of 1966 in Los Angeles, except for a 2-week period in August when Timothy visited petitioner. In 1966, Nadine rented the home in which she and her children lived, was employed full time, and was unmarried. 972 During the year 1966, petitioner paid to Nadine $630 for the support of Timothy and $630 for the support of Roseanne. Petitioner also maintained health and accident medical insurance policies during 1966 for Timothy and Roseanne. The yearly premium paid which was attributable to each child was $54. In addition, petitioner paid $68 for support of Timothy during a 2-week visit by Timothy in 1966. Petitioner paid a total of $752 for the support of Timothy during the year 1966 and a total of $684 for the support of Roseanne during the year 1966. Opinion The sole issue before us is whether petitioner is entitled to dependency exemptions for Timothy and Roseanne for the taxable year 1966. Section *140 151 allows a taxpayer an exemption of $600 for each of his dependents. Section 152 defines the term "dependent" to include specified individuals "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." A taxpayer's son and daughter are included in the list of specified individuals. Whether petitioner supplied over half of the support of Timothy and Roseanne in 1966 is purely a question of fact, the burden of proof being upon petitioner. Bernard C. Rivers, 33 T.C. 935 (1960); Edward J. Pillis, 47 T.C. 707 (1967), affirmed per curiam 390 F. 2d 659. We have found as a fact that petitioner paid $752 in 1966 for the support of Timothy and that petitioner paid $684 in 1966 for the support of Roseanne. However, there is no evidence whatsoever in the record as to the total amount of support expended by all persons for Timothy and Roseanne in 1966; nor is there any evidence in the record from which we could make even a reasonable estimate of the total amount expended for the support of either child. Without such evidence, we have no way of determining whether over half of *141 the total support of Timothy and Roseanne in 1966 was received from petitioner. Consequently, petitioner has failed to meet his burden of proof. We, therefore, have no choice but to sustain respondent's disallowance of the dependency exemptions for Timothy and Roseanne. Robert I. Brown, 48 T.C. 42 (1967); Edward J. Pillis, supra. Apparently, petitioner relies upon the portion of the divorce decree which states that Nadine was not to claim any of the children as dependency exemptions for income tax purposes as long as petitioner was not more than $200 in arrears in child support payments. Unfortunately because of the taxable year involved, that statement is not binding upon this Court nor is it binding upon the Commissioner. [2] Delbert D. Bruner, 39 T.C. 534 (1962); Robert I. Brown, supra. Furthermore, it does not help us determine the total amount of support expended in 1966 for Timothy and Roseanne. *142 Accordingly, Decision will be entered for the respondent. Footnotes
1. All statutory references relate to the provisions of the Internal Revenue Code of 1954 which were in effect in the year 1966 unless otherwise noted.↩
2. In 1967, Congress, realizing the difficulties encountered as a result of the burden of proof in dependency exemption cases where the parents of the child were divorced, enacted Pub. L. 90-78, which added sec. 152(e) to the Internal Revenue Code of 1954. That provision provides special rules for determining which parent is entitled to the dependency exemption for the child born of that marriage, including a provision which permits the noncustodial parent to get the exemption where the divorce decree so ordered and the noncustodial parent contributed at least $600 for the support of the child. Congress, however, limited the applicability of section 152(e)↩ to taxable years beginning after December 31, 1966.