Donato DiPierdomenico v. Commissioner.
Di Pierdomenico v. Commissioner
Docket No. 5360-69 SC.
United States Tax Court
T.C. Memo 1970-287; 1970 Tax Ct. Memo LEXIS 73; 29 T.C.M. (CCH) 1337; T.C.M. (RIA) 70287; October 7, 1970, Filed Donato DiPierdomenico, pro se, 5518 Lorraine St., New Britain, Conn.David W. Winters, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined a deficiency of $339.00 in the petitioner's 1966 Federal income tax. The issue for decision is whether the petitioner is entitled to dependency deductions for his son, Donato, Jr., and his daughters, Doreen and Victoria, who were in the custody of their mother during the year in issue. Findings of Fact Some of the facts have been stipulated, and those facts are so found. The petitioner, Donato DiPierdomenico, maintained his legal residence in New Britain, Connecticut, at the time of filing his petition in this case. He filed *74 his 1966 Federal income tax return with the district director of internal revenue, Hartford, Connecticut. On April 14, 1956, the petitioner married Ginerva Lestini. Three children were born of that marriage: Doreen, born 1956; Donato, Jr., born 1957; and Victoria, born 1959. On June 27, 1963, the petitioner and Mrs. DiPierdomenico were divorced pursuant to a judgment of the Hartford County Superior Court, which granted custody of the children to the wife and ordered the petitioner to pay $8 per week for the support of each child. The petitioner's former wife subsequently married Donald Megquier, and during the year in issue, Doreen, Donato, Jr., and Victoria resided with Mr. and Mrs. Megquier. The petitioner resided alone during 1966. For the taxable year 1966, the petitioner reported $3,300 as gross income and claimed a dependency deduction for each of the three children. Opinion The issue for decision is whether the petitioner is entitled to dependency 1338 deductions for Doreen, Donato, Jr., and Victoria for the year 1966. The petitioner apparently believes that since Doreen, Donato, Jr., and Victoria were his children and since he claims to have furnished the support *75 ordered by the court, he is entitled to the dependency deductions for them. However, under the tax laws, those facts are not sufficient to establish his right to such deductions. To be entitled to the dependency deduction under sections 151 and 152 of the Internal Revenue Code of 1954, [1] the petitioner must prove that he contributed, during the taxable year in issue, more than one-half of the support of each of his children for whom the dependency deduction is claimed. Secs. 151(a), (e), 152(a); secs. 1.151-2, 1.152-1(a), Income Tax Regs.; Aaron F. Vance 36 T.C. 547, 549 (1961); E. R. Cobb, Sr., 28 T.C. 595 (1957); Ollie J. Kotlowski, 10 T.C. 533, 536 (1948); Rule 32, Tax Court Rules of Practice. In order to prove that he has provided more than one-half of the support of each child, the petitioner must prove both the amount of support furnished by him and also the entire amount of support received by the child from all sources during the year in issue. Edward J. Pillis, 47 T.C. 707, 709 (1967); E. R. Cobb, Sr., supra.Evidence as to total support, while it need not be precise, must be sufficiently definite to enable *76 the Court to conclude that the support furnished by the petitioner constituted more than one-half of the total. Russell W. Boettiger, 31 T.C. 477, 486 (1958). When there is no evidence from which total support can at least be inferred, a conclusion that the petitioner has contributed more than one-half of the support received by a child for whom a dependency deduction is claimed is not possible. Robert I. Brown, 48 T.C. 42 (1967); Aaron F. Vance, supra.Cf. James H. Fitzner, 31 T.C. 1252 (1959). The evidence introduced consists entirely of the petitioner's testimony unsupported by any documentation. Because of inherent and unresolved conflicts in that testimony, we have made no finding as to the amount of child support furnished by the petitioner in 1966. He claimed to have paid $24 a week to the court for the support of the three children, and he also testified that he purchased food and clothing for the children when they visited him. However, his income for the year appears to be insufficient to cover both the amounts that he claimed to have provided *77 the children and his other expenditures for the year. The petitioner furnished even less evidence as to the amount of the total support received by the children during the year 1966. He was unable to furnish any information as to the amounts actually expended for the support of the children. His only testimony as to total support of the children consisted of his belief that they were not as well provided for as his adopted child and an estimate as to the amount which he spent for the support of the adopted child. Such evidence is completely inadequate to enable us to determine within even a reasonable range the amount of the total support of the children. On this record, we have no basis for concluding that the support furnished by the petitioner constituted more than one-half of the total support of the children. In view of the inconsistencies in the petitioner's testimony as to the support furnished by him and his complete failure to establish the total support received by the children during 1966, the petitioner has failed to prove that he is entitled to the dependency deductions for Doreen, Donato, Jr., and Victoria for the year 1966. Accordingly, Decision will be entered *78 for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩