Frank C. Brandes, Jr. and Judith A. Brandes v. Commissioner. Robert E. Rolling, Jr. and Roberta H. Rolling v. Commissioner.
Brandes v. Commissioner
Docket Nos. 4371-69 SC, 4477-69 SC.
United States Tax Court
T.C. Memo 1970-313; T.C. Memo 1970-313; 1970 Tax Ct. Memo LEXIS 45; 29 T.C.M. (CCH) 1436; T.C.M. (RIA) 70313; November 16, 1970, Filed *45 Dependency exemptions: Children of divorced parents: Support test. - Which of divorced parents are entitled to dependency exemptions for two children of marriage determined. David E. Russell, 3815 Marconi Ave., Sacramento, Calif., for the petitioners in Docket No. 4371-69 SC. Robert E. Rolling, Jr., pro se, 1159 Marashino Dr., Sunnyvale, Calif. in Docket No. 4477-69 SC. Karin T. Skeen and Eugene Ciranni, for the respondent. DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined deficiencies in the income tax of petitioners in the amounts and for the years set forth below: Docket No.
Year
Petitioner
Deficiency
4371-69 SC
1965
Frank C. Brandes, Jr. and Judith A. Brandes
$228.00
1966
Frank C. Brandes, Jr. and Judith A. Brandes
228.00
4477-69 SC
1965
Robert E. Rolling, Jr. and Roberta H. Rolling
266.50
1966
Robert E. Rolling, Jr. and Roberta H. Rolling
263.72
*46 The only issue before us is whether petitioners Frank C. and Judith A. b/randes, or petitioners Robert E. and Roberta H. Rolling are entitled to dependency exemptions for Robert and Lynn Brandes for 1965 and 1966. This in turn depends on which of them furnished more than one-half of the support of Robert and Lynn during these years. Findings of Fact Petitioners Frank C. Brandes, Jr., and Judith A. Brandes (hereinafter sometimes referred to as the Brandes), husband and wife, resided in Sacramento, Calif., at the time their petition herein was filed. They filed their 1965 and 1966 joint Federal income tax returns with the district director of internal revenue, San Francisco, Calif.
Petitioners Robert E. Rolling, Jr., and Roberta H. Rolling (hereinafter sometimes referred to as the Rollings), husband and wife, resided in Sunnyvale, Calif., at the time they filed their petition herein. They filed their joint Federal income tax returns for the years 1965 and 1966 with the district director of internal revenue, San Francisco, Calif.
Petitioner Frank C. Brandes, Jr. (hereinafter referred to as Frank), was formerly married to petitioner Roberta H. Rolling (hereinafter referred to *47 as Roberta). Two children were born of that marriage, namely Robert Brandes, born in May 1957, and Lynn Brandes, born in December 1958. During 1965, Robert was 8 years old and Lynn was 6 years old. Frank and Roberta were granted an interlocutory decree of divorce on April 18, 1962, by the Superior Court of the State of California, in and for the City and County of San Francisco. After a final divorce decree was entered but prior to 1965, Frank and Roberta each married their present spouse. Pursuant to the divorce decree, Roberta was awarded legal custody of Robert and Lynn and retained legal custody during the years at issue subject to Frank's right of visitation. Frank was ordered to pay $75 per month per child in child support payments to Roberta ($900 per year per child), to carry medical insurance for each child, to pay any medical bills sent to him, and to carry a policy of life insurance on his life with the children named as beneficiaries until they reached the age of 18. Frank actually paid a total of $1,622.59 in child support payments in 1965 and a total of $1,800 in child support payments in 1966. Also, in accordance with the terms of the divorce decree, Frank maintained *48 a $10,000 straight life policy on his life with Robert and Lynn being named as irrevocable beneficiaries for $5,000 each to the age of 21. Attached to the straight life policy was a decreasing term rider in which Judith A. Brandes was named as beneficiary. The annual premium for the policy was $161.30, the amount of which Frank paid in each of the years 1965 and 1966. In 1965 and until April 1, 1966, the Rolling lived in a rented house in Menlo Park, Calif., paying $175 per month in rent, exclusive of utilities. In April 1, 1966, they moved into a five-bedroom house in Sunnyvale, Calif., which they had purchased for $31,000. They resided in that house for the remainder of 1966. The distance between the residence of the Brandes and that of the Rollings in 1965 1438 and until April 1, 1966, was 130 miles. After April 1, 1966, the distance was 150 miles. Three children resided in the household of the Rollings in 1965 and 1966, to wit: Robert and Lynn Brandes, and Rachelle Rolling, a child born of the marriage of the Rollings. Frank had temporary custody of Robert and Lynn for a total of 73 days and 61 nights in 1965 and 83 days and 70 nights in 1966 in exercise of his visitation *49 privileges. The Brandes paid the following amounts for the support of Robert and Lynn in 1965 and 1966: *10
1965
1966
Robert
Lynn
Robert
Lynn
Food
$ 37.50
$ 37.50
$ 82.50
$ 82.50
Clothing
262.96
262.96
338.05
338.06
Vacation
270.40
270.40
62.50
62.50
Medical
30.00
11.00
7.00
Health insurance
59.64
59.64
55.92
55.92
Transportation
30.25
30.25
20.25
20.25
Church contributions
13.00
13.00
13.00
13.00
Haircuts
10.00
10.00
10.00
10.00
Club dues
39.60
39.60
39.60
39.60
Amusements
50.00
50.00
50.00
50.00
Dinners out
35.00
35.00
35.00
35.00
Horseback riding
37.50
37.50
838.35
856.85
706.82
751.33
Support payments + 811.30
+ 811.29
+ 900.00
+ 900.00 $1,649.65
$1,668.14
$1,606.82
$1,651.33 The Rollings paid the following amounts for the support of Robert and Lynn in 1965 and 1966: *10
1965
1966
Robert
Lynn
Robert
Lynn
Food
$ 708.00
$ 708.00
$ 614.25
$ 614.25
School lunches
71.75
71.75
Lodging
420.00
420.00
789.00
789.00
Clothing
90.60
90.60
198.75
198.75
Shoes
70.00
70.00
48.00
48.00
Toys and gifts
97.50
97.50
65.00
65.00
Vacation
32.94
32.94
22.50
22.50
Medical
87.25
87.25
79.50
79.50
Pharmacy
65.65
65.65
62.30
62.31
Transportation
165.00
165.00
142.00
142.00
Church contributions
10.00
10.00
10.00
10.00
Haircuts
24.00
24.00
26.12
26.13
Allowances
13.00
13.00
19.50
19.50
Swimming
48.75
48.75
37.50
37.50
Scouting
12.50
12.50
10.50
10.50
Dinners out
52.50
52.50
52.50
52.50
Laundry
44.00
44.00
7.40
7.40
Room decoration
65.50
65.50
Furniture
14.27
14.27
Utilities
85.80
85.80
123.19
123.19
Miscellaneous 305.92
305.92
118.51
118.51
2,398.91
2,398.91
2,512.54
2,512.56
Support payments -811.30
-811.29
-900.00
-900.00 $1,587.61
$1,587.62
$1,612.54
$1,612.56
*50 The total support provided for Robert and Lynn in each of the years 1965 and 1966 is as follows: 1439 *10
1965
1966
Robert
Lynn
Robert
Lynn
Support provided by the Brandes
$1,649.65
$1,668.14
$1,606.82
$1,651.33
Support provided by the Rollings 1,587.61
1,587.62
1,612.54
1,612.56
Total support $3,237.26
$3,255.76
$3,219.36
$3,263.89 Petitioner Robert E. Rolling has two children by a former marriage who live with his former wife. During 1965 and 1966 he paid $2,700 per year in alimony and child support to his former wife. In their 1965 and 1966 joint income tax returns the Brandes and the Rollings each claimed dependency exemptions for Robert and Lynn. Respondent disallowed the dependency exemptions for Robert and Lynn to both the Brandes and the Rollings and sent each of them a statutory notice of deficiency. The Brandes and the Rollings each filed a petition herein disputing respondent's action with respect to the dependency exemptions. The cases have been consolidated for purposes of trial and opinion. Ultimate Finding of Fact Petitioners Frank C. and Judith A. Brandes provided over half of the total support *51 furnished Lynn Brandes in each of the years 1965 and 1966, and over half the total support furnished Robert Brandes in 1965. Petitioners Robert E. and Roberta H. Rolling provided over half of the total support furnished Robert Brandes in 1966. Opinion The only question before us in these consolidated cases is which of the petitioners, the Brandes or the Rollings, are entitled to dependency exemptions for Robert and Lynn Brandes in 1965 and 1966. Section 151, I.R.C. 1954, [1] allows a taxpayer an exemption of $600 for each of his dependents. Section 152 defines the term "dependent" to include specified individuals "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." A taxpayer's son and daughter are included in the list of specified individuals. Aside from what actually constitutes support, whether a taxpayer supplied over half of the support of an individual is purely a question of fact, the burden of proof being upon the taxpayer. Bernard C. Rivers, 33 T.C. 935 (1960); *52 Edward J. Pillis, 47 T.C. 707 (1967), affirmed per curiam, 390 F. 2d 659. The parties to this proceeding appear to have made a commendable effort to determine objectively the total cost of supporting the two Brandes children during the years 1965 and 1966. The general conclusion to be drawn from the evidence presented is that the Brandes and Rollings spent very nearly equal amounts on the support of the children during each year. The evidence, however, is understandably based to a considerable extent on estimates, and it is unfortunate that the parties could not have gotten together and worked out an equitable solution to this problem so the Court would not be called upon to make findings of exact amounts, which must of necessity decide the issue between the parties, when variations in the total estimated expenditures of as much as $50 to $100 might determine which parent has the right to the deduction for each child in each year. But, this duty has been placed on the Court and we have done our best to view the evidence presented objectively and dispassionately in arriving at our findings and conclusions. Here, unlike most cases of this nature, we have *53 both of the divorced parents before us in one proceeding, so we do not have a failure of proof on the part of either of the petitioners as to the total amount of support expended on behalf of Robert and Lynn in each of the years 1965 and 1966. See Robert I. Brown, 48 T.C. 42 (1967); Edward J. Pillis, supra. Consequently, our decision necessarily turns solely upon which of the two petitioners provided over half of the total support expended by them for each child in each of the years at issue. After considering all of the evidence presented by each of the petitioners, we have concluded that the total support furnished Robert in 1965 and 1966 was $3,237.26 and $3,219.36, respectively, and that the total 1440 support furnished Lynn in 1965 and 1966 was $3,255.76 and $3,263.89, respectively. We have also concluded that of the total support furnished to Robert and Lynn, the Brandes furnished $1,649.65 and $1,606.82 for the support of Robert in 1965 and 1966, respectively, and $1,668.14 and $1,651.33 for the support of Lynn in 1965 and 1966, respectively. Since the amount of support furnished Lynn in each of the years at issue by the Brandes was over half *54 of the total support furnished, we hold that the Brandes are entitled to the dependency exemptions for Lynn in 1965 and 1966. However, while we have found that the Brandes furnished more than one-half of the total support of Robert in 1965, and are entitled to the deduction for him for that year, we find that the Rollings furnished more than one-half of the support of Robert in 1966, and they are entitled to the deduction for Robert for 1966. In reaching our conclusion as to the amount of support furnished by each of the petitioners, we have excluded from the items claimed by the Brandes as support the items representing the estimated rental value of the lodging furnished the children while visiting with them and the automobile expenses involved in conveying the children between their residence and that of the Rollings. See Aaron F. Vance, 36 T.C. 547 (1961). We have reduced the amounts estimated as the cost of food provided the children in 1965 to reflect the fact that the children were with the Brandes 38 days, exclusive of a vacation trip, rather than 43 days, and to avoid duplication of amounts spent for dinners out and the estimated cost of daily food. We also *55 did not take into account the premiums paid by the Brandes to maintain, pursuant to the terms of the divorce decree, the life insurance policy on the life of Frank. The Brandes contend that the premiums are properly an item of support since the divorce decree ordered Frank to maintain the policy, with the children being named as irrevocable beneficiaries to the age of 21. They argue that our decision in Aaron F. Vance, supra, that life insurance premiums are not items of support is not controlling here inasmuch as the life insurance policy in Vance was not maintained pursuant to the terms of a divorce decree as is the situation here. We disagree, however, since we are of the opinion that life insurance premiums are not items of support even if the life insurance policy is maintained pursuant to the terms of a divorce decree. Consequently, we hold that our decision in Aaron F. Vance, supra, is dispositive of this question. In computing the support provided by the Rollings we have accepted all of the items claimed in 1965 except two. The amount of food included in 1965 was reduced from $1,614 to $1,416; this reduction was due to a mathematical error in the *56 Rollings' calculation. The only other change in 1965 was our allowance of only a portion of the amount of the miscellaneous expenses attributed by the Rollings to the children. The amount we allowed for this item includes the stipulated miscellaneous expenses accounted for plus a portion of the unaccounted for estimated miscellaneous expenses consistent with the amount allowed by respondent, which we feel is reasonable under the circumstances. In 1966 we made changes with respect to food, lodging, and furniture. With respect to food, our computation is consistent with that of the Rollings except that we based our computation on the fact that the children resided with the Rollings for a period of 42 weeks rather than 46 weeks, as claimed by the Rollings. The change in the item of lodging was due to a mathematical error by the Rollings. As for the furniture, we have not allowed the Rollings to claim the entire cost in the year of purchase. Rather we have assigned a 5-year useful life to the furniture and therefore have allowed only one-fifth of the cost in 1966. Decisions will be entered under Rule 50. Footnotes
1. All statutory references relate to the provisions of the Internal Revenue Code of 1954 which were in effect in the years 1965 and 1966.↩