Lawrence Frohlinger and Edith Frohlinger v. Commissioner.
Frohlinger v. Commissioner
Docket No. 1588-69SC.
United States Tax Court
T.C. Memo 1970-323; 1970 Tax Ct. Memo LEXIS 37; 29 T.C.M. (CCH) 1480; T.C.M. (RIA) 70323; November 23, 1970, Filed Lawrence Frohlinger, pro se, 314 E. 4th S., Brooklyn, N. Y. Marlene Gross, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined a deficiency of $114.00 in the petitioners' Federal income tax for 1966. The issue for decision is whether the petitioner has proved that he provided more than one-half of the support for his daughter, for whom he claimed a dependency deduction in 1966. Findings of Fact Some of the facts have been stipulated, and those facts are so found. The petitioners, Lawrence Frohlinger and Edith Frohlinger, are husband and wife, who resided in Brooklyn, New York, at the time they filed their petition in this case. They filed a joint Federal income *38 tax return for the year 1966 with the district director of internal revenue, New York, New York. Mr. Frohlinger will be referred to as the petitioner. By an earlier marriage, Mr. Frohlinger had a daughter, Jarmine, who was 5 years old at the end of 1966. During that year, Jarmine lived with her maternal grandparents in the Boro of Hawley, Homesdale, Pennsylvania. During such year, she spent no time with the petitioner, and he did not visit her at her home in Pennsylvania. In accordance with the Order of the Family Court, the petitioner paid $20 biweekly for the support of Jarmine in 1966. During that year, he also maintained through his employer an extended coverage medical-hospitalization insurance policy for which he paid $99.15. Such policy provided family protection, including Jarmine, but it is not clear as to what portion of the premium is properly allocable for her coverage. In his return for 1966, the petitioner claimed a dependency deduction for Jarmine, but in the notice of deficiency, the respondent has disallowed that deduction. Opinion The issue for decision is whether the petitioner is entitled to the dependency deduction for his daughter for 1966. To be entitled *39 to the dependency deduction under sections 151 and 152 of the Internal Revenue Code of 1954, [1] the petitioner must prove that he contributed, during the taxable year in issue, more than one-half 1481 of the support of his daughter for whom the dependency deduction is claimed. Secs. 151(a), (e); 152(a); secs. 1.151-2, 1.152-1(a), Income Tax Regs.; Aaron F. Vance, 36 T.C. 547, 549 (1961); E. R. Cobb, Sr., 28 T.C. 595 (1957); Ollie J. Kotlowski, 10 T.C. 533, 536 (1948); Rule 32, Tax Court Rules of Practice. In order to prove that he has provided more than one-half of the support of his daughter, the petitioner must prove both the amount of support furnished by him and also the entire amount of support received by her from all sources during the year in issue. Edward J. Pillis, 47 T.C. 707, 709 (1967); E. R. Cobb, Sr., supra.Evidence as to total support, while it need not be precise, must be sufficiently definite to enable the Court to conclude that the support furnished by the petitioner constituted more than one-half of the total. Russell W. Boettiger, 31 T.C. 477, 486 (1958). When there is no evidence *40 from which total support can at least be inferred, a conclusion that the petitioner has contributed more than one-half of the support received by a child for whom a dependency deduction is claimed is not possible. Robert I. Brown, 48 T.C. 42 (1967); Aaron F. Vance, supra.Cf. James H. Fitzner, 31 T.C. 1252 (1959). The petitioner has proved that he provided $520 for the support of Jarmine in 1966. He claims that a part of the cost of the medical insurance which is carried should also be treated as support furnished by him, but the evidence as to the coverage and benefits provided by the policy was too vague to enable us to determine the portion of the premiums allocable to the coverage of Jarmine. Accordingly, we can find only that he supplied $520 in that year. The respondent made available to the petitioner the amounts which Jarmine's mother claimed to have provided as support for the child in 1966. The petitioner attempted to establish that such amounts were inaccurate and exaggerated. Although he was advised by the Court of the necessity of showing that he provided *41 more than onehalf of the support for Jarmine, and although he was given ample opportunity to produce any information that he possessed, he furnished only vague, indefinite, and unreliable evidence relating to the total support of the child. He had not visited the residence where she lived since 1964, but he described the house as he remembered it. He had no information concerning its rental value. He questioned the amount which the mother had claimed as the cost of food for the child on the basis that much of the food was grown on the farm. All this testimony is manifestly too vague for the Court to draw any inferences as to the amount of the total support furnished Jarmine in 1966. We cannot even fix the amount of total support within a range, and we cannot determine whether the $520 contributed by the petitioner was more than half of the total. Consequently, we must hold that the petitioner has failed to prove his right to the dependency deduction for Jarmine in 1966. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩