JEWELL D. AND LEAH M. GODBEHERE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1180-70.   Filed December 9, 1971.

Jewell D. Godbehere, pro se.
*Millard D. Lesch*, for the respondent.

#### OPINION

SIMPSON, *Judge:* The respondent determined a deficiency of $404.11 in the petitioners' 1967 Federal income tax. The issue for decision is whether a father, who has children by two prior marriages, is entitled to the dependency deduction for such children under section 152(e) (2)(B) of the Internal Revenue Code of 1954,[1] when he contributes a total of more than $1,200 for the support of such children but less than that amount for the children of each former spouse.

All the facts have been stipulated, and those facts are so found.

The petitioners, Jewell D. and Leah M. Godbehere, are husband and wife, who maintained their residence in Tacoma, Wash., at the time of filing their petition in this case. They filed their joint 1967 Federal income tax return with the district director of internal revenue for the district of Washington in Ogden, Utah. Mr. Godbehere will be referred to as the petitioner.

Prior to his present marriage, the petitioner was married and divorced twice. Of his first marriage, one son, Anthony, was born, and of his second marriage, two sons, David and Matthew, were born. Neither the decree of divorce between the petitioner and his first wife, nor that between the petitioner and his second wife, made any provision allocating the dependency deductions between the parents.

During 1967, each child lived either with his mother or with the petitioner, and each was in the custody of his mother for more than half of the year. In that year, the petitioner provided $975 for the support of Anthony and $1,075 for the combined support of David and Matthew. The petitioner claimed dependency deductions for each of the children on his 1967 Federal income tax return, and such deductions were disallowed by the respondent.

---

[1] All statutory references are to the Internal Revenue Code of 1954.

Ordinarily, to be entitled to a dependency deduction for a child, the taxpayer must establish that he provided more than one-half of the total support for the child. Sec. 152(a); *Aaron F. Vance*, 36 T.C. 547 (1961). However, if the parents are divorced, section 152(e) provides special rules for determining which of them is entitled to the dependency deduction. It provides in part:

(e) SUPPORT TEST IN CASE OF CHILD OF DIVORCED PARENTS, ETC.—
(1) GENERAL RULE.—If—
(A) a child* * * receives over half of his support during the calendar year from his parents who are divorced * * *, and
(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,
such child shall be treated * * * as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support * * * from the other parent (referred to in this subsection as the parent not having custody).
(2) SPECIAL RULE—The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if—

\*         \*         \*         \*         \*         \*         \*

(B) (i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and
(ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody.

The petitioner contends that since he provided more than $1,200 for the support of his three children, section 152(e)(2)(B) is applicable, and that he is entitled to the dependency deductions for such children since their mothers failed to prove that they provided more than one-half of the support for the children. No effort was made to prove that the mothers provided more support for the children; the case was presented to us to decide the legal issue of whether section 152(e)(2) is applicable in this situation.

The legislative history is not directly helpful in deciding this issue. H. Rept. No. 102, to accompany H.R. 6056 (Pub. L. 90–78), 90th Cong., 1st Sess., p. 2–3 (1967). There is no indication that Congress considered how the rules should be applied when the taxpayer has been involved in two prior marriages. Similarly, the respondent's regulations take no position with respect to this issue. See sec. 1.152–4(d)(3), Income Tax Regs.

Although the statute does not provide a clear answer, it seems to indicate that the $1,200 rule is to be applied only when that amount

is provided for the support of each family. To determine whether section 152(e) is applicable, paragraph (1) thereof requires us to look at a child and his parents—did his parents provide more than one-half of his support, and was he in the custody of his parents for more than one-half of the year? Section 152(e)(2) applies to a child of parents described in paragraph (1), if a parent provides more than $1,200 for the support of such a child or such children. Although paragraph (2) does not explicitly provide that the payment must be made to the parent of such child or children, it is likely that Congress had in mind a payment by one parent for the support of the children of the other parent referred to in paragraph (1).

It also seems more reasonable to apply section 152(e)(2) only when the noncustodial parent pays $1,200 or more for the support of children with one custodial parent. The effect of section 152(e)(2) is to shift to the custodial parent, ordinarily the mother, the burden of proving her right to the deduction when the noncustodial parent, ordinarily the father, establishes that he has made substantial contributions toward the support of the children. See *Allen F. Labay*, 55 T.C. 6 (1970), affirmed per curiam 450 F. 2d 280 (C.A. 5, 1971). If we were to adopt the interpretation urged by the petitioner, the provision would be applied merely on a showing that the father made a payment of more than $1,200. If the payment were divided among several families, the burden would be shifted even though each family received less than $1,200. The mother of one family, whose children receive less than $1,200, would be required to assume the burden of proving her right to the dependency deduction as a result of payments made for another family. To shift the burden to the mother whose family has received less than $1,200 seems inconsistent with the apparent purpose of the legislation. Compare *Allen F. Labay*, *supra;* H. Rept. No. 102, *supra.* It is more appropriate to shift the burden only when the father pays $1,200 or more toward the support of the children in the custody of the other parent.

For these reasons, we hold that section 152(e)(2) is not applicable in this case because the petitioner did not pay $1,200 or more for the support of the child or children in the custody of each mother; therefore, the petitioner is not entitled to the dependency deductions for his three children.

Reviewed by the Court.

*Decision will be entered for the respondent.*