JACK C. EDWARDS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Edwards v. Commissioner
Docket No. 2753-73.
United States Tax Court
T.C. Memo 1975-72; 1975 Tax Ct. Memo LEXIS 300; 34 T.C.M. (CCH) 373; T.C.M. (RIA) 750072; March 24, 1975, Filed Jack C. Edwards, pro se. Douglas K. Cook, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency of $995.60 in petitioner's 1971 Federal income tax. Petitioner having made a number of concessions, the following two issues remain for our decision: (1) whether petitioner is entitled to dependency exemptions for his three children by a former marriage; (2) whether he may deduct, as a theft loss, amounts allegedly taken from him by a state trooper during an allegedly unlawful arrest. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Jack C. Edwards (petitioner) resided in Glendale, Arizona, on the date of the filing of the petition herein. He filed his 1971 Federal income tax return with the district director of internal revenue, Phoenix, Arizona. Petitioner married Shirley M. Edwards (Shirley) in Wichita, Kansas, in August of 1954. During the marriage three children were born to the couple: Jack D. Edwards (Jack), born July 1, 1958; Kevin S. Edwards (Kevin), born April 11, 1961; and Korey *302 G. Edwards (Korey), born February 8, 1964. The couple was divorced on April 16, 1970, and the divorce decree gave custody of the three above-mentioned children to Shirley. The decree required petitioner to pay Shirley $150 a month as support for the three children, an amount which was revised upwards to $200 a month by a court order entered on May 13, 1971. During 1971, pursuant to these court orders, petitioner paid to Shirley $1,425 for the support of the couple's three children. During 1971 petitioner exercised his visitation rights with respect to the three children for an approximately three-week period running from the latter part of July to early August. Because petitioner resided at that time in Phoenix, Arizona, he had to make during such three-week period two round trips by automobile to Wichita where the children resided with their mother. The first such round trip was to pick up the children in Wichita and bring them to Phoenix, the second, to return the children at the conclusion of their visit. The children spent the first week of the visit with petitioner and his wife at petitioner's house in Phoenix. Groceries for the five cost approximately $60 for such week, and *303 petitioner also spent approximately $20 for clothing for each of his children. Petitioner, for the remaining two weeks of the visitation period, took his spouse and children on an automobile tour through Utah and California, spending some time at Disneyland in Anaheim, California. The total expenditure by petitioner during the visitation period was approximately $600, excluding the amounts for groceries and clothing described above, and including automobile expenses incurred by him in transporting his children from and to the home of their mother in Wichita. Except for the three-week period described above, the children resided in Wichita with Shirley and her 19-year old son by a former marriage. Shirley received in 1971 $3,733 of Aid to Dependent Children funds (ADC) from the State of Kansas and Sedgwick County. In addition, the State of Kansas made the following medical payments on behalf of the children during 1971: Jack
$ 81.60
Kevin
1,473.61
Korey
40.40 The record is silent as to whether Shirley or any of her children worked or received support from any other sources during 1971. On July 10, 1972, petitioner filed a complaint in the Superior Court of Arizona, *304 Maricopa County, against an Arizona State Highway Department patrolman and the City of Peoria. In such complaint petitioner alleged, together with other allegations, that the patrolman, without justification, had taken $900 from petitioner's person during an allegedly unlawful arrest, and that such patrolman had failed to return such money. The suit was scheduled to be tried on February 9, 1975. On his 1971 return petitioner claimed dependency exemptions for each of his three children and, in addition, claimed a $900 theft loss arising out of his alleged encounter with the patrolman. In his statutory notice of deficiency respondent disallowed in full all these claimed deductions. OPINION The first issue to be decided is whether or not petitioner is entitled under section 151(e) [1] to dependency exemptions in 1971 for his three children by his marriage with Shriley. For petitioner to establish such entitlement, he must demonstrate that it was he who provided over one-half of the support of each of such children during 1971. Sec. 152(a). Respondent first contends that petitioner, *305 in order to show that he provided over one-half of the support of such children, must first demonstrate what was the total amount expended on the support of the children during 1971. On this contention, respondent is clearly correct, Bernard C. Rivers,33 T.C. 935, 937-8 (1960), James E. Stafford,46 T.C. 515, 518 (1966), Edward J. Pillis,47 T.C. 707, 709 (1967), affirmed per curiam 390 F. 2d 659 (C.A. 4, 1968), and equally as clearly, petitioner has failed to carry his burden as to this matter. The record before us establishes only that petitioner made certain payments in support of the children in 1971, and that Shirley received $3,733 of ADC funds from state and local institutions in 1971. The record is entirely silent as to whether or not Shirley, any of petitioner's three children, or Shirley's child by a former marriage contributed anything further to the support of such three children. The detriment arising from such a gap in the record must, of course, fall on petitioner, who, as described above, had the burden of proof on the issue of his three children's total support in 1971. We need not, however, rest our *306 holding as to the issue before us on the failure by petitioner to produce or even approximate a total support figure for his three children during 1971. For, even assuming that the amount demonstrated in the record as having been used for their support represents their total support, petitioner has also failed to show that one-half of such amount was contributed by him. From the record before us, we have found that petitioner contributed $1,620 in 1971. Of this amount $1,425 was the sum paid in 1971 pursuant to the court orders for child support entered against petitioner in 1970 and 1971. Petitioner also bought $60 of clothing for his three children while they were visiting him during the summer of 1971. During the first week of such visit petitioner spent $60 for groceries for himself, his spouse and his three children, and we find $35 of such amount as a reasonable allocation to the support of his children. As to the $600 spent in bringing the children to and from their mother's home in Wichita, and in taking them and his spouse on a two-week automobile trip through Utah and California, the part of such amount which represents petitioner's cost of transporting his children to *307 and from Wichita, at the commencement and termination of the three-week visit, may not be deemed an amount spent to support the children. Aaron F. Vance,36 T.C. 547, 550 (1961), Harvey L. Hopkins,55 T.C. 538, 542 (1970). Using our best judgment, we find that $100 of this $600 is allocable to the support of his children on their two-week vacation tour. Petitioner also claimed that some part of the rent on his house, and some part of the utilities expense he incurred while the children were at his house for one week, should be considered as a contribution by him to their support. It is well established, however, that such expenses do not constitute support of a dependent for purposes of section 152. Aaron F. Vance,36 T.C. at 550, Harvey L. Hopkins,55 T.C. at 542. Thus, we have found that petitioner contributed $1,620 to the support of his children during 1971, or $540 per child. In addition to the amounts contributed by petitioner, Shirley received in 1971 $3,733 of ADC funds from state and local agencies in Kansas, and petitioner has given us no reason why respondent's allocation of three-fifths of this amount, *308 or approximately $2,240, to the support of petitioner's three children should not be accepted. [2] When we add to each child's pro-rata share of such ADC support, the additional amounts contributed by the State of Kansas for medical expenses for such children--$81.60 for Jack, $1,473.61 for Kevin, and $40.40 for Korey, it is abundantly clear that petitioner has failed to show that he contributed more than one-half of his children's 1971 support. The special rule of section 152(e)(2)(B) is of no avail to petitioner in the instant case. [3] For, before the special presumption enacted by such provision becomes applicable, a taxpayer must show that his children received at least one-half of their total support from the taxpayer and his former spouse during the year at issue, Harvey L. Hopkins,55 T.C. at 540-1, Jewell D. Godbehere,57 T.C. 349, 351 (1971), a showing petitioner has clearly failed to make in the instant case. Thus, it is our holding that respondent correctly disallowed dependency exemptions to petitioner for any of his three children. *309 Petitioner also claimed a theft loss of $900 in 1971. It is his contention that an Arizona state patrolman unlawfully took such amount from him in 1971, and has never returned such $900 to petitioner. We need not decide whether the patrolman, in fact, took such money from petitioner during the course of an allegedly unlawful arrest. For, even accepting this assertion of petitioner, he has not established the lack of a reasonable prospect of recovering such amount from the patrolman or the patrolman's employer. Indeed, petitioner is in the midst of using the patrolman and his employer in order to recover such amount together with additional damages. Petitioner's failure to establish this lack of a reasonable prospect of recovery precludes him from deducting the $900 as a theft loss. Ramsay Scarlett & Co., 61 T.C. 795, 807 (1974), on appeal (C.A. 4, June 6, 1974). Rainbow Inn, Inc. v. Commissioner,433 F. 2d 640, 642-3 (C.A. 3, 1970), reversing on another issue a Memorandum Opinion of this Court; sec. 1.165-1(d)(3), Income Tax Regs.
Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise specified.↩
2. As found above, there were five individuals in Shirley's household during 1971.↩
3. (e) Support Test in Case of Child of Divorced Parents, etc.-- * * * * * (2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- * * * * * (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody.↩