ALBERDIA MORRISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morrison v. Commissioner
Docket No. 2942-73.
United States Tax Court
T.C. Memo 1975-73; 1975 Tax Ct. Memo LEXIS 301; 34 T.C.M. (CCH) 376; T.C.M. (RIA) 750073; March 24, 1975, Filed Alberdia Morrison, pro se. Richard A. Jones, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency of $256 in petitioner's 1971 Federal income tax. The only issue for our decision is whether petitioner is entitled to dependency exemptions in 1971 for two of her nieces. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Alberdia Morrison (petitioner) was a resident of Phoenix, Arizona, at the time of the filing of the petition herein. She filed her 1971 individual Federal income tax return with the Western Region Service Center at Ogden, Utah. Petitioner was separated for most of 1971 from her husband, Joe Eddie Morrison (Morrison). *302 Both petitioner and Morrison were employed during 1971, petitioner working at a day care center from which she received $5,362 in wages during the year. The couple filed separate Federal income tax returns for the 1971 taxable year. During 1971 petitioner purchased about $150 of clothing for each of two of her nieces, Louise and Vanessa Hopkins (the nieces). The nieces lived with their mother, petitioner's sister, Raylean Kennedy (Raylean), in Phoenix, but would spend holidays and occasional weekends with petitioner at the home she owned, also in Phoenix. Petitioner also spent an additional amount of approximately $100 each during 1971 in cooking meals for the nieces when they were with her and in occasionally buying them patent medicines when they were ill. The nieces' mother, Raylean, had three other children in her custody through August of 1971, and, with the birth of another child in August of such year, maintained a house consisting of herself, the two nieces, and four other children for the remainder of 1971. Raylean received between $165 and $180 a month in Aid to Dependent Children (ADC) funds during 1971 from the Arizona Department of Economic Security. In addition, the *303 two nieces were given free lunches at their school in connection with the ADC program. The nieces' father, Bubba Hopkins (Hopkins), did not live with Raylean during 1971, and, because of a disability, received disability payments from the State of Arizona. The record does not disclose whether or not Hopkins contributed any funds to the support of the nieces during 1971. On her 1971 return, petitioner claimed dependency exemptions for the nieces. Respondent, in his statutory notice of deficiency, has disallowed such exemptions in full. OPINION In order for petitioner to be entitled to dependency exemptions for her two nieces in 1971 she must establish that she provided more than one-half of their support during such year. Sec. 152(a). [1] The first step in such proof must be the establishment of the total amount of support, from all sources, expended on the nieces during 1971. Bernard C. Rivers,33 T.C. 935, 937-8 (1960); James E. Stafford,46 T.C. 515, 518 (1966); Edward J. Pillis,47 T.C. 707, 709 (1967), affirmed per curiam 390 F. 2d 659 (C.A. 4, 1968). Respondent contends that petitioner has not established such *304 total support figure, but we need not decide this question. For, even assuming that the amount petitioner did establish as having been expended for the support of the two nieces during 1971 represent the total support figure during 1971, she has failed to carry the second element of her proof--that of such amounts she contributed more than one-half. We have found as a fact, from the record before us, that petitioner contributed approximately $250 toward the support of each of her two nieces. We have also found, however, that Raylean, who was petitioner's sister, and the mother of the two nieces, received $165 to $180 per month in ADC funds for the support of her household during 1971 from the Arizona Department of Economic Security. From January through August 1, 1971, such household consisted of six individuals--Raylean, the two nieces, and three other of Raylean's children. From August 1 to the close of 1971, the household consisted of seven individuals--a child having been born to Raylean on approximately August 1. Giving petitioner the benefit of all doubts, and assuming Raylean *305 received only $165 per month from ADC, the two nieces' pro-rata share of such ADC money amounts to approximately $310 apiece during 1971. Furthermore, Raylean's participation in the ADC program also enabled the nieces to receive free lunches at their school. Such free lunches, when combined with the nieces' allocable share of the ADC grants, show clearly that petitioner did not contribute over one-half the support of the nieces. Petitioner disputes this pro-rata approach to the ADC funds by alleging that because the nieces would spend holidays and occasional weekends with her, and because she bought them clothing during 1971, that the other children and Raylean probably accounted for more than a proportionate share of the ADC funds spent by the household. Petitioner, however, provides us with no evidence as to the situation of Raylean and the other children--for example, whether they too did not receive personal items and meals from other persons. Under other circumstances, we might think our approach to be too harsh and demanding on the taxpayer. Petitioner, however, was represented by counsel and, in her sister Raylean, had a potentially excellent witness to corroborate her testimony *306 as to the support of the nieces. Raylean, however, who lived in Phoenix--also petitioner's home and the location of the hearing in the instant case--was not called by petitioner as a witness, and such failure is entirely unexplained in the record. As such we find it much less difficult to lean rather heavily on petitioner in her attempt to carry the burden of proof. Cf. Edward J. Pillis,47 T.C. at 709. Thus, on the facts before us, we hold that petitioner did not provide more than one-half of the support of her nieces during 1971 and, hence, is not entitled to claim dependency exemptions for them under section 152(a). Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise specified.↩