Isidore Brown and Gladys J. Brown, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 38813.    Filed April 27, 1954.

*Albert Langeluttig, Esq.*, for the petitioners.
*Edward L. Newberger, Esq.*, for the respondent.

OPINION.

RAUM, *Judge:* The petitioner contends that she was required to include in gross income for 1948 and 1949, as rental income, only the amounts actually received in cash from Sachs. In support of her contention she argues that she has consistently reported her income and kept her books on the cash basis; that on this basis she is required to account for income when and only when it is received; that in the lease she granted her tenant, Sachs, an abatement of, reduction of, or limitation upon the rental otherwise due thereunder; that she had no legal right to receive from Sachs as rent any amount in excess of what she reported; and that the manner in which Sachs, on the accrual basis, handled its accounts is not determinative or persuasive as to her taxability on the cash basis.

In the lease the petitioner assumed an obligation to contribute $65,000 towards the cost of certain permanent improvements to be made by Sachs on the demised premises. Of this amount, $32,500 was to be paid by petitioner to Sachs as the improvements were made.

This payment is not in issue in this proceeding. The method by which petitioner was to satisfy her obligation as to the remaining $32,500 is set forth in paragraph 22 (b). Therein the petitioner agreed that there should be credited to Sachs from rental due and owing by it under the lease the portion of the rental due in any year which exceeded $50,000 until "such deductions" aggregated $32,500. The rental due and owing by Sachs under the lease amounted to $70,528.72 for 1948 and $62,318.13 for 1949. The petitioner received from Sachs $50,000 in 1948 and $50,346.85 in 1949. The remainder of the rental due amounting to $20,528.72 for 1948 and $11,971.28 for 1949 was retained by Sachs, in accordance with paragraph 22 (b) in partial satisfaction of petitioner's obligation to pay $65,000 of the cost of permanent improvements made on the leased premises.

It is true, as petitioner urges, that she is on the cash basis and did not actually receive in cash as rental the amounts of $20,528.72 in 1948 and $11,971.28 in 1949. It does not follow, however, that she is not required to include these amounts in her gross income for the taxable years. If she had received all of the rent due from Sachs in those years and paid a portion of it to him in satisfaction of her obligation to pay for the cost of permanent improvements on the leased premises, the amount received as rent in each year would clearly be includible in her taxable income. The substance of the transaction is not changed because she permitted Sachs to retain part of the rent due from it in each year in satisfaction of part of her obligation to pay $65,000 towards the cost of permanent improvements. Cf. *Your Health Club, Inc.*, 4 T. C. 385, 390. "Income is not any the less taxable income of the taxpayer because by his command it is paid directly to another in performance of the taxpayer's obligation to that other." *Raybestos-Manhattan, Inc.* v. *United States*, 296 U. S. 60, 64. See also *Helvering* v. *Horst*, 311 U. S. 112, 116.[1] The discharge of petitioner's obligation to pay for the cost of permanent improvements to the extent of $20,528.72 in 1948 and $11,971.28 in 1949 was equivalent to the receipt by her of these amounts in those years. Cf. *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716, 729; *United States* v. *Boston & Maine Railroad*, 279 U. S. 732, 734. Moreover, the provision in paragraph 22 (b) for the crediting of these

[1] In the *Horst* case, the Supreme Court said (at pp. 114, 115): "* * * the rule that income is not taxable until realized has never been taken to mean that the taxpayer, even on the cash receipts basis, who has fully enjoyed the benefit of the economic gain represented by his right to receive income, can escape taxation because he has not himself received payment of it from his obligor. The rule, founded on administrative convenience, is only one of postponement of the tax to the final event of enjoyment of the income, usually the receipt of it by the taxpayer, and not one of exemption from taxation where the enjoyment is consummated by some event other than the taxpayer's personal receipt of money or property. Cf. *Aluminum Castings Co.* v. *Routzahn*, 282 U. S. 92, 98, 51 S. Ct. 11, 13, 75 L. Ed. 234. This may occur when he has made such use or disposition of his power to receive or control the income as to procure in its place other satisfactions which are of economic worth."

amounts "to the Lessee from the rental due and owing by it under this Lease, if and after the Lessor has received a minimum of FIFTY THOUSAND DOLLARS * * * as rent" indicates that the parties intended these amounts to be applied in partial satisfaction of petitioner's obligation and not as an abatement or reduction of rent. Cf. *Wine* v. *Commissioner*, 87 F. 2d 161 (C. A. 7).

Much of the difficulty in this case is attributable to petitioner's insistence that the question is not *whether* the $32,500 credited pursuant to paragraph 22 (b) of the lease is income, but *when* it is income. If that item was income at all, $20,528.72 thereof was realized in 1948, and $11,971.28 in 1949, when these amounts were effectively applied to extinguish petitioner's liability to the lessee. Certainly, there could be no later year in which these amounts might be treated as income, and petitioner has suggested no other time when they might be taken into account. She realized income to the extent of $20,528.72 and $11,971.28 in 1948 and 1949, respectively, by reason of the application of rent towards the discharge of her liability under paragraph 22 (b) of the lease.

The situation with respect to paragraph 22 (b) is no different in this respect from 22 (a). Under 22 (a) petitioner was required to pay $32,500 (out of the total obligation of $65,000) directly, and there is no suggestion whatever that the taxable rent received by her must be reduced by that amount merely because $32,500 of that rent may have been paid out in accordance with 22 (a). The remaining $32,500 was required to be taken out of rent in the first instance by means of the credit under 22 (b), and there can and should be no essential difference in the treatment of these two items. In the case of each of them, petitioner has received the full benefit of the stipulated rent and has in substance reinvested a portion of it in the making of improvements to her property. In neither case should she be permitted to reduce the amount of rent reportable by her. And in both cases, the increase in her investment in the property operates to give her higher deductions for depreciation. Indeed, in determining the deficiencies herein, the Commissioner has given petitioner the benefit of an increased basis in the property and has allowed her proportionately greater deductions for depreciation. We think that is the correct treatment tax-wise of this situation. Income may be realized in a variety of ways, other than by direct payment to the taxpayer, and, in such situations, the income may be attributed to him when it is in fact realized, without any special inquiry as to whether he is on the cash or accrual basis.[2] E. g., *United States* v. *Kirby Lumber Co.*, 284 U. S. 1; *Helvering* v. *American Chicle Co.*, 291 U. S. 426; *Old Colony*

---

[2] Of course, if the taxpayer is on the accrual basis, it is possible that such income might be attributed to him at an even earlier time, namely, when the right to realize it matures.

*Trust Co.* v. *Commissioner, supra; United States* v. *Boston & Maine Railroad, supra; United States* v. *Hendler,* 303 U. S. 564; *Douglas* v. *Willcuts,* 296 U. S. 1; *Lucas* v. *Earl,* 281 U. S. 111.

*Decision will be entered for the respondent.*