CLARENCE W. SMITH AND GRETA M. SMITH, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2554-67.   Filed October 2, 1968.

*Thomas W. Martin,* for the petitioners.
*Nicholas G. Stucky,* for the respondent.

### OPINION

TIETJENS, *Judge:* The Commissioner determined a deficiency of $2,760.21 in the individual income tax of petitioners for the year 1963.

The Commissioner made the following adjustments to taxable income of petitioners for 1963:

## EXPLANATION OF ADJUSTMENTS

(a) It is determined that the deduction claimed on your return for alimony in the amount of $10,000.00 is not allowable for the reason that you have not established that you are entitled to such a deduction. Accordingly, your taxable income is increased in the amount of $10,000.00.

(b) It is determined that dependency exemptions of $600.00 each, claimed on your return for Clarence and Gordon, are not allowable for the reason that you have not established that you furnished more than one-half of their support for the taxable year. Accordingly, your taxable income is increased in the total amount of $1,200.00.

The Commissioner contends now that petitioners may properly deduct $4,653.60 as alimony, including temporary support, and interest expense, but that petitioners are not entitled to deduct any greater amount.

We must decide what portion of a $10,000 payment petitioner made to his former wife in 1963 in excess of $4,653.60 is properly deductible by him either as alimony, including temporary support, under section 215, or as interest expense under section 163.

We must also decide whether petitioner is entitled to dependency deductions for his two children by his former wife.

All of the facts have been stipulated and are so found. The stipulation and the exhibits attached thereto are incorporated herein by this reference.

Clarence W. Smith and Greta M. Smith (hereinafter sometimes referred to as Clarence and Greta) are husband and wife who resided in Carmichael, Calif., at the time they filed their petition herein.

Petitioners are cash basis taxpayers. They filed a joint individual income tax return for the taxable year 1963 with the district director of internal revenue, San Francisco, Calif.

Clarence's former marriage to Margaret W. Smith (hereinafter sometimes referred to as Margaret) was dissolved by an Oregon divorce decree in 1957. Under the provisions of this decree he was ordered to pay Margaret alimony of $300 per month beginning February 1, 1957, to continue until further order of the court. The decree also awarded Margaret custody of their two minor children and $100 per month per child for child support beginning February 1, 1957, to continue until further order of the court. The decree awarded Margaret $2,000 for attorney's fees, $150 for costs of suit, and $2,000 for temporary support. Clarence was ordered to discharge an encumbrance on an automobile awarded Margaret.

Clarence moved from Oregon and became a resident of California. He failed to meet his obligations under the Oregon divorce decree. In 1961 Margaret brought an action in California to establish the

terms of the Oregon decree. The California court found the 1957 decree was valid in all respects and was entitled to be enforced in California. Accordingly, Margaret was awarded a judgment for the following items in the amounts shown:

| | |
|---|---:|
| Alimony | $15, 300 |
| Temporary support | 2, 000 |
| Child support | 10, 200 |
| Attorney fees | 2, 000 |
| Costs of suit | 150 |
| Encumbrance on auto | 1, 400 |
| Interest on judgment | 1, 300 |
| Total | 32, 350 |

The 1961 judgment credited Clarence with two amounts:

(a) A credit of $4,755 was allowed for child support which he had paid prior to the time of the judgment. The parties are in agreement that the $4,755 credit is properly allocated to child-support arrearages existing at the time of the 1961 judgment.

(b) A credit of $5,000 was allowed Clarence on account of items of personal property the court found he was entitled to under the 1957 divorce decree and which Margaret had refused to deliver to him. The decree made no allocation of this credit to the specific items under the judgment.

In December 1963, Clarence and Margaret entered into an out-of-court settlement agreement regarding the 1961 judgment. Pursuant to the written terms of this agreement Margaret released petitioner from all liability under the 1957 and 1961 judgments, relinquished any claim to further alimony, and released petitioner from any and all obligations under either judgment for alimony, support, attorney's fees, costs, and interest. Pursuant to this agreement Clarence paid Margaret $10,000 in 1963.

On their 1963 income tax return, Clarence and Greta deducted $10,000 as alimony.

During 1963 Clarence contributed exactly $2,500 toward the support of his two children, Clarence W. Smith, Jr., and Gordon W. Smith, then living with petitioner's former wife. Petitioners offered no evidence as to the total support expended for these two children in 1963. In their 1963 return, Clarence and Greta claimed them as dependency exemptions.

*I*

We have to decide what portion of the $10,000 Clarence paid to his former wife in 1963 is properly deductible on his 1963 joint return,

either as alimony under section 215, or as interest expense under section 163.

The dispute primarily concerns the treatment of the $5,000 credit Clarence received as an offset against the 1961 judgment.

Section 215 provides that a husband shall be entitled to deduct alimony payments includable in a wife's income under section 71.

Section 71(a)(1) provides, in pertinent part, that the wife's income includes periodic payments (whether or not made at regular intervals) received in discharge of (or attributable to property transferred in discharge of) a legal obligation which, because of the marital or family relationship, is imposed or incurred by the husband under a decree of divorce, or support decree.

Section 71(b) provides that such part of any payments which the terms of the decree fix as a sum which is payable for the support of minor children of the husband is not income to the wife. Consequently, such part of any payment is not deductible by the husband under section 215. The second sentence of section 71(b) further provides that if any payment is less than the amount specified in the decree, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.

The dispute in this case is whether the $5,000 credit Clarence was given in 1961 is a "payment" as described in the second sentence of section 71(b), and, if so, with what consequence as regards the $10,000 settlement payment he made in 1963.

The following schedules illustrate the tax treatment of the $10,000 payment in 1963 depending upon how the $5,000 credit allowed Clarence in 1961 is treated.

COMMISSIONER'S ALLOCATION OF 1963 PAYMENT

| | 1961 judgment after child-support credit of $4,755 | Balance left in 1963 after Commissioner's allocation of $5,000 credit pro rata to these items | Allocation of $10,000 payment in 1963 |
|---|---|---|---|
| Child support | $5,445 | $4,460 | $4,460.00 |
| Alimony and temporary support | 17,300 | 14,165 | 4,326.74 |
| Interest | 1,300 | 1,065 | 326.86 |
| Other (nondeductible) | 3,550 | 2,905 | 886.40 |
| | 27,595 | 22,595 | 10,000.00 |

According to the Commissioner's allocation of the $5,000 credit pro rata to the itemized amounts of the judgment, only $4,653.60 ($4,326.74 plus $326.86) of the 1963 payment is allocable to deductible items of alimony (including the temporary-support award) and interest expense.

PETITIONER'S ALLOCATION OF 1963 PAYMENT

| | 1961 judgment after child-support credit of $4,755 | Balance left in 1963 after petitioner's allocation of $5,000 credit to child support | Allocation of $10,000 payment in 1963, first to child support and then pro rata |
|---|---|---|---|
| Child support | $5,445 | $445 | $445.00 |
| Alimony and temporary support | 17,300 | 17,300 | 7,462.46 |
| Interest | 1,300 | 1,300 | 554.19 |
| Other (nondeductible) | 3,550 | 3,550 | 1,538.35 |
| | 27,595 | 22,595 | 10,000.00 |

According to petitioner's allocation of the $5,000 credit first to child support, there was only $445 child support due in 1963 to which the $10,000 was first to be allocated. After applying the first $445 to extinguish the outstanding child support obligation, petitioner would apply the remaining $9,555 pro rata against the outstanding items. Thus, he argues that $8,016.65 ($7,462.46 plus $554.19) of the 1963 payment is allocable to the deductible items of alimony (including the temporary support award) and interest expense.

We hold that the petitioner's allocation of the $5,000 credit is proper. The $5,000 credit Clarence received in 1961 arose out of an entirely separate cause of action which he had against his wife. It did not go to reduce the total amount that the wife was found entitled to under the original 1957 divorce decree, but was a credit against that amount. It was a payment in 1961 in property that belonged to Clarence. We hold that this credit of $5,000 is a "payment" for the purposes of section 71(b) which is less than the $32,350 specified in the decree, and which does not exceed the $5,445 ($10,200 minus $4,755) payable under the terms of the decree for the support of Clarence's minor children. As such, by virtue of the first sentence of section 71(b), this payment was not includable in the wife's gross income under section 71(a) and, as a consequence, was not deductible by the husband under section 215.

By virtue of the second sentence of section 71(b) this credit went to reduce the amount that remained payable under the decree in 1963 for the support of the minor children of the husband. When the $10,000 was paid in 1963, there was only a $445 ($5,445 minus $5,000) child-support obligation to which the $10,000 must be first allocated. We hold that the excess of $10,000 over $445, or $9,555, is to be allocated pro rata to the remaining items under the judgment. Accordingly, we hold that petitioner is entitled to an alimony deduction of $7,462.46 under section 215, and an interest expense deduction of $554.19 under section 163.

In holding that petitioner is entitled to deductions of $7,462.46 under section 215, and $554.19 under section 163, we have rejected peti-

tioner's argument that he is entitled to an alimony deduction in a greater amount.

To this effect, petitioner argues the $10,000 was paid under the 1963 agreement and release, and that the terms of the agreement did not specify a particular amount for child support. Petitioner refers us to cases which hold that all moneys paid to a wife for alimony and child support under an agreement must be included as income under section 71(a) unless the agreement expressly specifies or fixes a sum certain or percentage of the payment for child support. *Commissioner* v. *Lester*, 366 U.S. 299 (1961).

We hold that petitioner is mistaken in treating the $10,000 payment as a payment under the agreement. We find it was a payment under the terms of the court decrees. The payment was intended by the parties to discharge the underlying divorce decree which precisely itemized the amounts due for alimony, interest, child support, and other items. By treating the $10,000 payment as having been made solely in discharge of alimony arrearages, petitioner ignores the fact that the payment was made to discharge *all* the amounts itemized in the 1961 judgment.

## II

We have next to decide whether petitioner is entitled to dependency exemptions for the two children of his former marriage. A $600 exemption is allowed a taxpayer under section 151 for each of his dependents. The term "dependent" is defined in section 152 as meaning certain individuals "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." The children of a taxpayer are individuals who are specified in section 152.

The question presented is whether petitioner supplied over half of each child's support during 1963. Petitioner has the burden of proof on this question and the outcome will be based upon a factual determination.

The parties have agreed that petitioner furnished $2,500 in child support payments for both children during 1963. However, petitioner has made no showing as to the total amount expended by all persons in support of these children. Without such a showing it becomes virtually impossible to accurately determine whether this sum was more than half of the total amount spent in support of each child. See *Edward J. Pillis*, 47 T.C. 707.

Petitioner relies upon *Commissioner* v. *Mendel*, 351 F.2d 580 (C.A. 4, 1965), reversing 41 T.C. 32. In that case the taxpayer had made a diligent effort to obtain information as to the total amount expended for the support of his children and had been unsuccessful. The Court

of Appeals thought that the facts in that case supported a conclusion that more than half the children's usual and normal support was paid by the taxpayer. There was evidence pertaining to the children's style and mode of life. No such evidence has been given in this case. We believe the minimal showing of actual support paid by the petitioner is not sufficient to overcome the presumptive correctness of the Commissioner's determination that petitioner did not furnish over one-half the support for either child in 1963.

*Decision will be entered under Rule 50.*