## Myrtle M. Tyrer, Petitioner *v.* Commissioner of Internal Revenue, Respondent

Docket No. 3562–80.     Filed September 16, 1981.

*Donald W. Pemberton*, for the petitioner.
*Cynthia M. Odle-Schlechty*, for the respondent.

### OPINION

Fay, *Judge*: Respondent determined a deficiency of $4,959.60 in petitioner's Federal income tax for 1975. The issue is whether petitioner must include in her gross income under section 71(a)(1)[1] certain benefits received from her former husband.

All the facts have been stipulated and are found accordingly.

Petitioner Myrtle M. Tyrer resided in Germantown, Tenn., when she filed her petition in this case.

Petitioner and her former husband were divorced in 1973. The Circuit Court of Shelby County, Tenn. (hereinafter the Tennessee court), entered the final decree of divorce on November 6, 1973, which provided in part:

Defendant [husband] shall pay to plaintiff [petitioner] the sum of $320,000.00, as alimony, payable as follows:

(a) $10,000 payable forthwith in November, 1973 and $10,000 on May 6, 1974.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended.

(b) $2,000 per month for a period of 150 months (twelve and one-half years) beginning in November, 1973.

All payments of alimony hereunder shall terminate on the death of either plaintiff or defendant.

On June 21, 1974, the Tennessee court awarded petitioner's former husband a judgment of $21,000 for items of personal property belonging to him which petitioner, as a gratuitous bailee, had either converted or returned in damaged condition. The Tennessee court ordered the $21,000 to be credited and applied against the former husband's obligation to petitioner under the divorce decree. The Tennessee court further ordered that, instead of payments of $2,000 per month as provided in the original decree, the original decree be modified to provide for payments in the sum of $1,000 per month beginning in April 1974 for a period of 21 months ending January 1976. In other words, petitioner's former husband was compensated for his loss of property in the form of an offset or a credit to be applied against his obligations under the original divorce decree. At the end of such 21-month period, petitioner's former husband was ordered to resume paying to petitioner the sum of $2,000 per month, as alimony, for the remainder of the period as provided in the original decree.

In her 1975 Federal income tax return, petitioner included $12,000 ($1,000 per month) in gross income under section 71(a)(1). In his notice of deficiency, respondent determined that petitioner should include $24,000 ($2,000 per month) in gross income under section 71(a)(1). The issue is whether petitioner must include in gross income any amount represented by the credit granted to her former husband.

Section 71(a)(1) provides that a taxpayer must include in gross income periodic payments received which are in discharge of a legal obligation which, because of the marital relationship, is imposed by a divorce decree. However, it is well settled that where the payments are made in satisfaction of property rights, the amounts received are capital in nature and are not includable in gross income under section 71. *Wright v. Commissioner*, 62 T.C. 377, 389 (1974), affd. 543 F.2d 593 (7th Cir. 1976). Whether payments are alimony or are in satisfaction of property rights is a question of fact. *Pierce v. Commissioner*, 66 T.C. 840, 846 (1976).

Petitioner contends that only $12,000 ($1,000 per month) is

includable in her gross income for 1975 because she actually received only $12,000. Petitioner also argues that the $1,000-per-month credit granted to her former husband is in settlement of property rights and, therefore, does not constitute alimony under section 71(a)(1). Petitioner further argues that since the payments were modified with respect to a lump-sum amount of $21,000 payable over 21 months, a period less than 10 years, the payments are not "periodic."[2] Respondent maintains that petitioner received "payments" of $2,000 per month and that such payments were both periodic and in discharge of a legal obligation arising out of the marital relationship, thus constituting gross income to petitioner under section 71(a)(1). We agree with respondent.

Before there can be gross income under section 71(a)(1), there must be a receipt of "payments." Since the sum of $1,000 per month has not actually exchanged hands due to the effect of the credits granted to her former husband, petitioner concludes that she has not received "payments" of $1,000 per month.

It does not follow, however, that petitioner has not received "payments" because such payments have not actually exchanged hands. Tax consequences flow from the substance of a transaction. If petitioner had received $2,000 per month in alimony and then returned $1,000 per month in satisfaction of her obligation to her former husband, the total amount received as alimony ($2,000 per month) would certainly be included in her gross income. The substance of the transaction is not changed because petitioner's receipt of payments is offset by her liability to her former husband. *Pierce v. Commissioner, supra* at 846. See *Smith v. Commissioner*, 51 T.C. 1 (1968).[3]

In *Pierce*, a wife was ordered to pay $20,000 to her former husband because of her conversion of their jointly owned

---

[2] In order to be included in petitioner's gross income, payments are required to be "periodic." Sec. 71(a)(1). Payments discharging an obligation the principal sum of which may be paid over 10 years or less from the date of the divorce decree are not "periodic." Sec. 71(c). See also p. 582 *infra.*

[3] See also *Brown v. Commissioner*, 22 T.C. 147 (1954), affd. 220 F.2d 12 (7th Cir. 1955) (landlord realized income when landlord's obligation to pay for improvements made by the tenant were applied as a credit against tenant's obligation to pay rent).

stock. The State court ordered the former husband to pay the wife $20,000 in "accumulated alimony" for the 2-year period prior to entry of the order, the net effect being a neutralization of each party's debt. Even though the sums of $20,000 were never actually exchanged, this Court held that the former husband made a payment of $20,000 to his former wife. *Pierce v. Commissioner, supra* at 846.

Similarly, in *Smith,* a former husband was granted a credit of $5,000 for his wife's conversion of his personal property and this Court held that the amount of this credit was a "payment" to the wife for the purposes of section 71(b).[4]

Petitioner has received the full benefit of her former husband's obligation to her under the divorce decree. She has received a corresponding reduction of her liability arising from her conversion of her former husband's property. For every $1,000 that her former husband is excused from making as a direct payment to petitioner, petitioner has received an equivalent $1,000 benefit in the form of reduced liability. From the foregoing, we hold that petitioner received "payments" of $24,000 ($2,000 per month) in 1975 within the meaning of section 71(a)(1), regardless of the fact that the sum of $12,000 ($1,000 per month) never actually changed hands.

Petitioner contends that the payments made by her former husband, but offset by the credit in the amount of $1,000 per month, are payments in settlement of property rights. Thus, she maintains these payments are not includable in her income. We cannot accept petitioner's contention.

Petitioner does not dispute the validity of the divorce decree. The divorce decree ordered alimony payments of $2,000 per month. We are satisfied that as provided in the original decree of divorce, the entire $2,000 per month petitioner actually received was includable in her gross income as alimony under section 71(a)(1).[5] As modified, the decree provided for a

---

[4]Generally, sec. 71(b) provides that payments made for the support of the husband's minor children will not be income to the wife.

[5]Petitioner makes no claim that the $2,000 per month she actually received prior to the credit offset is anything other than alimony. Factors such as (1) petitioner's admission that $1,000 per month actually received constitutes alimony, (2) the periodicity of payments, (3) the termination of payments at the death of either party, and (4) the label of alimony given by the divorce decree, clearly establish the character of these payments as alimony. See

reduction in direct payments in the amount of $1,000 per month. Clearly, the only reason for this reduction was the liability imposed upon petitioner for the conversion of her former husband's property and not as a result of a change of circumstances such as the former husband's lack of ability to pay for support or a lesser need of support by petitioner. Without such conversion, the direct payments received by petitioner would have remained $2,000 per month and would have retained their character as alimony. The credits allowed to petitioner's former husband did not reduce his alimony obligation; they were simply credits against that obligation. When petitioner's liability is eventually satisfied, she will again receive direct payments in the sum of $2,000 per month. Our conclusion that petitioner's former husband has made indirect payments of $1,000 per month, the amount at issue, does not change the character of those indirect payments to something other than alimony.

Petitioner's claim that she received the payments in settlement of a property right stems from her focus on the consideration moving from herself to her former husband for the property damage. It is true that this consideration is in settlement of a property right, namely petitioner's conversion of her former husband's personal property. However, petitioner's focus is misplaced. The direct payments of $1,000 per month actually received by petitioner plus the payments in issue, $1,000 per month represented by the credit granted to petitioner's former husband, do not constitute consideration moving from petitioner to her former husband, but rather they constitute consideration moving in the opposite direction—to petitioner from her former husband. The consideration moving to petitioner satisfies her former husband's obligation of alimony. Furthermore, for the payments at issue to have been in discharge of a division of property, it must be demonstrated that petitioner had an interest in property which she relinquished and for which the payments were consideration. *Hesse v. Commissioner*, 60 T.C. 685, 692 (1973), affd. without published opinion 511 F.2d 1393 (3d Cir. 1975), cert. denied 423

---

*Wright v. Commissioner*, 62 T.C. 377 (1974), affd. 543 F.2d 593 (7th Cir. 1976); *Riley v. Commissioner*, T.C. Memo. 1979–237.

U.S. 834 (1975); *Riddell v. Guggenheim*, 281 F.2d 836, 840–841 (9th Cir. 1960). No such interest has been demonstrated by petitioner.

Petitioner's final contention is that even if such payments are in discharge of a legal obligation of support, they are not "periodic" within the meaning of section 71(a)(1).[6] Petitioner reasons that since the payments were modified with respect to a lump-sum amount of $21,000 payable over 21 months, a period less than 10 years, the payments are not "periodic."[7]

Petitioner's reasoning suffers from the same affliction as her previous argument because she again focuses on the wrong payments. The payments in issue are those being received by petitioner and not the payments being received by her former husband for loss of his property. As the payments received by petitioner are subject to termination on the death of either spouse, such payments are periodic within the meaning of section 71(a)(1). Sec. 1.71–1(d)(4), Income Tax Regs.

The substance of the transaction is that petitioner received "payments" of $2,000 per month. Thus, for the above reasons, we hold that petitioner must include in her 1975 gross income the amount of $24,000 as alimony under section 71(a)(1). Accordingly,

*Decision will be entered for the respondent.*