ROBERT CHARLES BACON, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bacon v. Commissioner
Docket No. 13878-87.
United States Tax Court
T.C. Memo 1989-90; 1989 Tax Ct. Memo LEXIS 90; 56 T.C.M. (CCH) 1391; T.C.M. (RIA) 89090; March 6, 1989. Robert Charles Bacon, pro se. Sylvia Shaughnessy, for the respondent. PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code and Rules 180, 181, and 182. [1]
Respondent determined a deficiency for petitioner's taxable year ended December 31, 1982, as follows: Additions to Tax
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
$ 4,362.00
$ 1,091.00
$ 241.00
50% of interest
due on $ 4,362.00
Petitioner lived in San Diego, California when he filed his petition. The issues for decision *92 are: (1) whether petitioner is entitled to an alimony deduction; (2) whether petitioner is entitled to a casualty loss deduction; (3) whether petitioner is entitled to a deduction for employee business expenses relating to travel, meals, and lodging; and (4) whether petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a)(1), and 6653(a)(2). Some of the facts have been stipulated. The stipulated facts and exhibits are found and are incorporated herein by reference. For clarity, we have combined our findings of fact and opinion for each issue in this case. Alimony
On September 1, 1981, petitioner's marriage was dissolved. Under the judgment of dissolution petitioner was required to pay child support for his son and daughter in the amount of $ 550 per month. The judgment also requires petitioner to pay his former wife alimony in the amount of $ 550 per month. For the year at issue, petitioner paid his former wife $ 4,300. On his 1982 income tax return, petitioner claimed a deduction of $ 12,500 for alimony payments. Respondent disallowed the entire amount claimed on the ground that no payments were made for alimony. Respondent agrees that petitioner *93 paid $ 4,300 to his former wife during 1982, but contends that the total payments made were for child support and are not deductible. We agree with respondent. During 1982, petitioner's obligation for child support totaled $ 6,600. It is clear that where a taxpayer's payments during the year do not exceed his obligation for child support payments, the payments made will be allocated to the taxpayer's child support obligation. Smith v. Commissioner,51 T.C. 1 (1968); Blyth v. Commissioner,21 T.C. 275 (1953). Accordingly, petitioner is not entitled to an alimony deduction. Casualty Loss
On August 6, 1982, petitioner's automobile was wrongfully repossessed. The automobile was subsequently returned in September of 1982. On August 5, 1983, petitioner filed a lawsuit against the company that repossessed his automobile alleging: (1) loss of personal property in his automobile; (2) damage incurred to the automobile; (3) damage incurred to petitioner's knee attributable to loss of a knee brace; and (4) car rental expenses. Petitioner later settled *94 the case for an undetermined amount of cash, and the return of his property. Petitioner claimed a casualty loss deduction in the amount of $ 1,900. Respondent disallowed the casualty loss deduction on the grounds that: (1) petitioner had a claim with a reasonable prospect of recovery; and (2) petitioner has failed to establish that a loss actually occurred. Petitioner contends that he has fully substantiated the casualty loss he claimed in 1982. Section 1.165-1(d)(2)(i) and (3), Income Tax Regs., precludes a deduction for a casualty loss if a claim for reimbursement exists with respect to which there is a reasonable prospect of recovery. No portion of the loss with respect to which reimbursement may be received is allowed under section 165 until it is ascertained with reasonable certainty that reimbursement will not be received. Hamilton v. Commissioner,T.C. Memo. 1970-34. In determining whether a taxpayer had a reasonable prospect for reimbursement, the fact that the taxpayer *95 filed a lawsuit to recover the deducted loss gives rise to an inference that he had such a claim. See Estate of Scofield v. Commissioner,266 F.2d 154, 159 (6th Cir. 1959), affg. in part and revg. in part and remanding in part (affg. on this issue) 25 T.C. 774 (1956); Gale v. Commissioner,41 T.C. 269, 276 (1963). The fact that a taxpayer did not file a lawsuit until the following year does not negate the inference that there was a recoverable claim for reimbursement during the prior year as well. Hicks v. Commissioner,T.C. Memo. 1986-255. Petitioner in filing a lawsuit in 1983, leads us to believe that he had a reasonable prospect during 1982 for reimbursement due to the casualty. Under these circumstances we find he is not entitled to a casualty loss deduction for 1982. [2]
Employee Business Expenses
Petitioner was employed as a teacher and tennis instructor at San Diego City College for the taxable year 1982. Petitioner on his tax return claimed employee business *96 expense deductions relating to travel, meals, and lodging in the amount of $ 3,505. Respondent disallowed the expenses and contends that petitioner has failed to substantiate the claimed deductions or to prove that they were ordinary and necessary business expenses. Petitioner asserts that he adequately substantiated the claimed business deductions and that, furthermore, respondent should be estopped from raising this issue. Petitioner contends that the I.R.S. tax auditor conceded the employee business expense issue in his favor during an examination of petitioner's 1982 return; and furthermore, that because of the alleged concession petitioner disposed of the records which he had used to support his business expenses. Section 274(d) provides, in pertinent part, that no deduction is allowable for any travel expense including meals and lodging while away from home unless, the taxpayer substantiates the amount, time, place and business purpose of such expense either by adequate records or by sufficient evidence corroborating his own statements. A taxpayer will not be allowed a deduction *97 for expenditures on the basis of unsupported testimony or approximations. Section 1.274-5(a)(3), Income Tax Regs.
In order to meet the "adequate records" requirement of section 274(d) a taxpayer must maintain an account book or diary and documentary evidence. The account book or diary must be made at or near the time of expenditure, and the documentary evidence must be in the form of receipts, paid bills or similar evidence. Section 1.274-5(c)(2), Income Tax Regs. A cancelled check drawn to a named payee does not, by itself, support a business expense. Section 1.274-5(c)(2)(iii)(b), Income Tax Regs.
Only if a taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control will the taxpayer be allowed to substantiate his deduction by a reasonable reconstruction of his expenditures. Section 1.274-5(c)(5), Income Tax Regs.
In the instant case it is clear that the record keeping requirements *98 were never met. The only records which were maintained for these expenses were receipts and cancelled checks. None of the documents submitted into evidence met all of the elements of section 274(d) nor did the tax auditor's testimony indicate that any of the materials that were destroyed contained this information. A taxpayer is not entitled to reconstruct destroyed records where such records did not initially contain sufficient information to satisfy the substantiation requirements. A and F Management Corporation v. Commissioner,T.C. Memo. 1984-585. Furthermore, the informal statements attributed to the involved tax auditor are not binding on respondent and have no legal effect. Martin v. Commissioner,56 T.C. 1294, 1300 (1971). In any event petitioner has simply failed to meet his burden of proof and therefore we find that respondent's disallowance of the employee business deductions was correct. Additions to Tax
Respondent determined that petitioner *99 was liable for the addition to tax under section 6651(a) for filing a delinquent tax return. Respondent contends that petitioner's 1982 tax return was due to be filed on April 15, 1983, and that the return was not filed until August 19, 1983. Petitioner maintains that he had an automatic extension of time to file his tax return. Respondent concedes that petitioner filed an application for an automatic extension of time; however, respondent contends that the application was not valid since petitioner failed to pay the amount estimated as tax for the taxable year 1982 when he filed his application for the extension. Unless a taxpayer pays in full such amount, the automatic extension is invalid. Section 1.6081-4(a)(4), Income Tax Regs. It follows that petitioner's 1982 income tax return was not timely filed. Petitioner has the burden of proof to show that his failure to timely file was due to reasonable cause and not due to willful neglect. Horton v. Commissioner,86 T.C. 589, 597 (1986). *100 Petitioner has failed to show reasonable cause, but simply concludes that the addition to tax should not apply. We think petitioner's failure to timely file his return was due to willful neglect. We do not believe that he thought he had a valid extension of time to file his return since he failed to pay the amount estimated as tax for the year. Form 4868, which is used for an automatic extension of time to file an individual return, clearly shows that the tax must be paid in order to obtain the extension. For the above reasons, we sustain respondent on this issue. Finally, we must consider whether petitioner is subject to additions to tax for negligence or intentional disregard of the rules and regulations as provided for under sections 6653(a)(1) and 6653(a)(2). Respondent's determination is presumptively correct and the burden is upon petitioner to show that this addition is erroneous. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). A taxpayer must keep such permanent *101 books or records which are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown on his tax return. Section 1.6001-1(a) and (e), Income Tax Regs.
Petitioner's failure to keep the records necessary to substantiate numerous claimed deductions for 1982, without adequate explanation of such failure, indicates that he was negligent. See Olivares v. Commissioner,T.C. Memo. 1983-649. Based on the record in this case we must conclude that petitioner failed to prove error by respondent and petitioner was in fact negligent. Respondent is sustained on this issue. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for the taxable year 1982, and rule numbers refer to the Rules of Practice and Procedure of this Court.↩
2. We need not address respondent's alternative argument regarding this issue since the foregoing factors are dispositive of the issue.↩