T.C. Summary Opinion 2009-149


UNITED STATES TAX COURT


DAVID TIMOTHY AND JENNIFER F. HEYDT, Petitioners $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13093-08S.                 Filed September 24, 2009.


David Timothy and Jennifer F. Heydt, pro sese.

Jill Morris and Janice B. Geier, for respondent.


DEAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether petitioners are entitled to a $15,257.76[1] deduction for alimony paid to Pamela F. Heydt (former spouse) in 2005.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, petitioners resided in Oregon.

In 1980 petitioner David Timothy Heydt (Mr. Heydt) and his former spouse initiated divorce proceedings. Among other things, they agreed to the payment of child and spousal support by Mr. Heydt, and the stipulation was incorporated into an order of a California superior court in August 1980. Specifically, Mr. Heydt agreed to pay monthly child support of $225 on the first of each month from the date of the order. He also agreed to pay monthly spousal support of $225 on the 15th of each month from the date of the order.

In 2005 petitioners paid $15,257.76 to the Placer County Department of Child Support Services (California agency). The California agency applied $1,339.48 of petitioners' payment to

---

[1]Petitioners claimed a $15,540 deduction for alimony paid in 2005. Petitioners concede that they overstated their deduction by $282.24.

interest on child support arrearages and $13,918.28 to interest on spousal support arrearages. As of the close of 2005 the arrearages in Mr. Heydt's child support obligation were $12,088.29.

Petitioners filed a joint Federal income tax return for 2005. They claimed a $15,540 deduction for alimony paid in 2005. Respondent disallowed petitioners' deduction for alimony paid, determined a $3,145 deficiency in their Federal income tax, and issued a notice of deficiency to petitioners.

## Discussion

### I. Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). But the burden of proof on factual issues that affect a taxpayer's tax liability may be shifted to the Commissioner if he introduces credible evidence with respect to the issue. Sec. 7491(a)(1) and (2). Petitioners have not alleged that section 7491(a) applies, but the Court need not decide whether the burden shifted to respondent since the Court's analysis is based on the record before it, not on who bears the burden of proof.

## II. Alimony Deduction

Section 71, as amended by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 422, 98 Stat. 795, (DEFRA), applies to divorce or separation instruments executed after December 31, 1984. Sec. 1.71-1T(e), Temporary Income Tax Regs., 49 Fed. Reg. 34458 (Aug. 31, 1984). Mr. Heydt and his former spouse's stipulation was incorporated into the superior court's order in August 1980. Accordingly, the tax consequences of petitioners' payments are governed by relevant sections of the Internal Revenue Code as in effect before DEFRA amended section 71.

Former section 215(a), generally, provided that in the case of a husband described in section 71, there shall be allowed as a deduction amounts includable under section 71 in the gross income of his wife, payment of which is made within his taxable year.

Similarly, former section 71(a)(1), in part, provided that if a wife is divorced or legally separated from her husband under a decree of divorce or separate maintenance, the wife's gross income includes periodic payments received after the decree in discharge of a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. Section 71(b), in part, provided that section 71(a) does not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms

of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband.  And if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of the payment as does not exceed the sum payable for child support shall be considered a payment for child support.  Sec. 71(b).

Section 163(a) provides that there shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness.  Section 163(h)(1), however, provides that in the case of a taxpayer other than a corporation, no deduction is allowed for personal interest paid or accrued during the taxable year.  "Personal interest" means any interest allowable as a deduction under this chapter other than certain exceptions not applicable here.  Sec. 163(h)(2).

In Borbonus v. Commissioner, 42 T.C. 983, 984-986 (1964), the payor and payee had entered into a separation agreement in 1951, which provided for the payment of alimony and child support and was incorporated into a decree of divorce.  When the payor defaulted on his child support obligation, the payee sued for the child support arrearages, interest, and costs; the court entered judgment in her favor of $7,055.79.  Id. at 986.  The payor and payee stipulated a settlement whereby the payor agreed to pay $7,000 in satisfaction of the judgment, among other things.  Id. at 987.  The payor deducted the $7,000 payment as alimony.  Id.

The Court held that the $7,000 payment was allocated first to the outstanding child support obligation of $6,540 and then to the costs of $72.39 and interest on the indebtedness of $387.61. Id. at 992-993. The Court held further that the payor was not entitled to deduct the portion of the payment allocated to child support. Id.

In Smith v. Commissioner, 51 T.C. 1, 3 (1968), the payee was awarded a judgment in 1961 for specific amounts as alimony, temporary support, child support, interest, and other nondeductible items (e.g., costs, legal fees, discharge of an encumbrance). The payor and payee entered into a settlement agreement whereby the payor agreed to pay the payee $10,000, the payee agreed to release the payor from certain obligations and all liability under the 1957 and 1961 judgments, and the payee relinquished any claim to further alimony. Id. The payor deducted the $10,000 payment as alimony. Id. The Court held that the $10,000 payment was first allocated to the payor's outstanding child support obligation of $445 and that any excess was to be allocated pro rata to the remaining items under the judgment (e.g., alimony, interest, and other nondeductible items). Id. at 5.

With these principles in mind, the Court now turns to petitioners' alimony deduction.

The Court finds that petitioners' $15,257.76 payment is allocated first to Mr. Heydt's outstanding child support obligation of $12,088.29, notwithstanding that the California agency allocated the payment to interest on the child support and alimony arrearages.  See sec. 71(b); Smith v. Commissioner, supra at 5; Borbonus v. Commissioner, supra at 991-993; see also Miller v. Commissioner, T.C. Memo. 1972-9 (characterization of the payments as child support or alimony and the right to any deduction must be decided under Federal law).  Because the amount is a payment of child support as defined by section 71(b), petitioners are not entitled to deduct it.  See sec. 215(a).

The Court also finds that the remaining $3,169.47 is allocated pro rata as follows:  (1) $1,537.71[2] as alimony paid; (2) $1,623.83[3] as interest on alimony arrearages; and (3) $7.93[4] as interest on child support arrearages.  See Smith v. Commissioner, supra at 5; Borbonus v. Commissioner, supra at 992-993.  Accordingly, petitioners are entitled to a $1,537.71 deduction for alimony paid in 2005, see sec. 215(a), but

---

[2]$3,169.47 x $19,525.58 (alimony arrearages) ÷ $40,245.38 (sum of alimony arrearages + total interest).

[3]$3,169.47 x $20,619.06 (interest accrued alimony arrearages) ÷ $40,245.38 (sum of alimony arrearages + total interest).

[4]$3,169.47 x $100.74 (interest accrued child support arrearages) ÷ $40,245.38 (sum of alimony arrearages + total interest).

petitioners are not entitled to deduct those amounts allocated to interest expense, see sec. 163(h)(1) and (2).[5]

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[5]The Court notes that the statement petitioners provided represents arrearages and interest as of August 2005. To the extent that petitioners might be entitled to a greater deduction for alimony paid in 2005, their inexactitude is of their own making. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).